LUTTERMOSER *v.* ZEUNER.

1. ESTATES OF DECEDENTS—MARRIED WOMEN—MORTGAGES.
    The title to a wife's interest in a mortgage executed to herself and husband jointly passes, at her death, to her executor, for the benefit of her creditors and heirs at law.

2. SAME—EXECUTORS AND ADMINISTRATORS—RES JUDICATA.
    A decree that the surviving husband is entitled to the entire proceeds of a mortgage payable to the husband and wife, in a proceeding in chancery to which the latter's executor was not made a party, is not conclusive against his right to recover from the husband the half of the proceeds belonging to the wife.

Error to Wayne; Carpenter, J. Submitted June 3, 1896. Decided July 21, 1896.

*Assumpsit* by Otto L. Luttermoser, executor of the last will and testament of Johanna Rebecca Zeuner, deceased, against Carl Frederick Zeuner; surviving husband of decedent, to recover the latter's share of the proceeds of a mortgage executed to defendant and decedent jointly. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Henry N. Brevoort*, for appellant.

*Richard I. Lawson* and *James H. Pound* (*Dennis B. Hayes*, of counsel), for appellee.

LONG, C. J. The plaintiff is the executor of the last will of Johanna Rebecca Zeuner, deceased. This action is brought by him as such executor to recover from the defendant one-half of certain moneys which defendant received from the Fairview Land Company upon a certain mortgage which was made by said company

to defendant and his wife, Mrs. Zeuner. The lands upon which the mortgage was given were sold by defendant. The record is not clear as to whether the title was in defendant alone or in him and his wife, but the mortgage was given to them in their joint names. During the life of Mrs. Zeuner, certain moneys were paid upon the mortgage, and divided equally between her and the defendant. Mrs. Zeuner left surviving her several children. The mortgage was given for the consideration of $15,470, and there came into the hands of the defendant, after the death of his wife, for principal and interest on the mortgage, about $1,500. On the trial, plaintiff had verdict and judgment by direction of the court for one-half that sum.

Mrs. Zeuner left a last will and testament appointing plaintiff as executor. By the will she made certain bequests to several of her children and grandchildren, as follows: To her son Frederick August Schuman, $2,000; to her daughter, Emilie Rosalie Knoch, $2,000; to her son John Frederick Zeuner, $5; to her granddaughter Amelia Haggerty, $2,000; to her granddaughter Elizabeth Knoch, $1,000. All the residue of her property she bequeathed to her son Frederick August Schuman, her daughter, Emilie Rosalie Knoch, and her granddaughter Amelia Haggerty, share and share alike.

After Mrs. Zeuner's death, the Fairview Land Company refused to pay anything further upon the mortgage, when defendant here filed a bill in the circuit court in chancery of Wayne county for the purpose of having the mortgage foreclosed, and also to have the court decree to whom the moneys mentioned in the mortgage belonged. It was claimed in the bill that the defendant was the sole owner of the mortgage. The Fairview Land Company was made a defendant to that bill, as well as Frederick August Schuman, John Frederick Zeuner, and Emilie Rosalie Knoch. After the prayer for the foreclosure, the bill prays: "That the court adjudge and determine whether, if any, what right, title, or interest Frederick August

Schuman, John Frederick Zeuner, and E. Rosalie Knoch, and each and every of them, have in and to money owing on said bond and mortgage." The land company filed an answer to the bill, averring its readiness to pay the money upon the mortgage to whomsoever the court should declare to be entitled to the same. The other defendants in the bill did not answer, and the bill was taken as confessed as to them. On the hearing of that case the court determined that the mortgage was the sole property of Carl Frederick Zeuner, and directed that the company pay to him the principal and interest thereof. The court further decreed that Carl Frederick Zeuner was entitled to the moneys thereon as the same should accrue and become due under the terms of the mortgage, free from all claims by the defendants named in said bill, and adjudged that Frederick August Schuman, John Frederick Zeuner, and Emilie Rosalie Knoch had no interest or title to the moneys arising from said mortgage. This decree was entered on the 27th of July, 1894. The present suit was brought after the moneys had come into the hands of the defendant.

The contention of the defendant is that the decree in the chancery proceeding fixed the rights of the parties, and is *res adjudicata* of the question here involved. The executor of the estate of Johanna Rebecca Zeuner was not made a party to the chancery proceeding, but defendant contends that at her death the title to the mortgage passed to him as survivor. Counsel is in error in this contention. During the life of Mrs. Zeuner, one-half of the mortgage was her sole property. It is claimed that the mortgage as drawn expressly declared a title in the husband and wife in joint tenancy; that each held an undivided one-half interest therein. At the death of Mrs. Zeuner, the title to her one-half was vested in the executor of her estate for the benefit of any creditors and her heirs at law. *Wait* v. *Bovee*, 35 Mich. 425; *In re Albrecht*, 136 N. Y. 91. This being so, and the executor not having been made a party defendant in the chancery

suit, the court below was not in error in directing verdict and judgment in favor of the plaintiff.

The judgment must be affirmed.

The other Justices concurred.