HOYT *v.* WINSTANLEY.

1. HUSBAND AND WIFE—DEEDS—ESTATE BY ENTIRETY.
    Since at common law a conveyance to husband and wife gave to them a tenancy by entirety, and the common-law rule has been unchanged in this State, a conveyance to husband and wife conveys an estate in entirety, unless an estate in joint tenancy or in common is explicitly created by the deed.

2. SAME—ESTATE BY ENTIRETY—JOINT TENANCY.
    An estate by the entirety is an estate in joint tenancy plus the unity of the marital relation.

3. SAME—STATUTES.
    Because estates by the entireties come within the class referred to as joint tenancy, it is held that the statute (3 Comp. Laws 1915, § 11561) did not abolish such estates.

4. SAME—CONVEYANCE TO HUSBAND AND WIFE PRESUMED TO CREATE ESTATE BY ENTIRETY.
    To create an estate in joint tenancy in a conveyance to a husband and wife, the words used must be sufficiently clear to negative the common-law presumption that an estate by entirety was intended, in view of 3 Comp. Laws 1915, §§ 11562, 11563.

5. SAME—CONVEYANCE TO HUSBAND AND WIFE AS JOINT TENANTS CREATES AN ESTATE IN ENTIRETY.
    A conveyance to "J. W. and E. J. W., his wife, as joint tenants," *held*, to create an estate in entirety.

Appeal from Oakland; Covert (Frank L.), J. Submitted October 4, 1922. (Docket No. 10.) Decided December 29, 1922.

Bill by Hobart B. Hoyt, administrator with the will annexed of the estate of Alfred F. Wilcox, deceased, against Jasper Winstanley, William H. Gibb and others to determine the rights and equities of a judgment

The question of tenancy by entireties is discussed in a note in 30 L. R. A. 305.

debtor.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Peter B. Bromley,* for plaintiff.

*F. E. Rankin,* for defendants Winstanley.

*Corliss, Leete & Moody* (*Paul B. Moody,* of counsel), for defendants Gibb.

McDONALD, J.   This bill is filed under section 12897, 3 Comp. Laws 1915, to determine the rights and equities of a judgment debtor in lands sold to satisfy an execution.   On the 4th day of December, 1916, Alfred F. Wilcox recovered a judgment on a note against defendant Jasper Winstanley in the sum of $645.56 damages and costs.   On the 15th of May, 1913, Mary M. Wilcox sold and conveyed a vacant lot in the city of Detroit to Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants.   To satisfy the execution issued on his judgment against Jasper Winstanley, Mr. Wilcox levied on this property on the 6th day of December, 1916.   No further action was taken until March 27, 1919, when, without the consent of Mr. Wilcox and without payment or satisfaction, the sheriff released the levy for the reason, as stated in the release, that Jasper Winstanley had no interest in the land levied upon subject to execution.

The conveyance from Mary L. Wilcox of the lot in question was to "Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants."   It is claimed by the plaintiff that this deed did not create an estate in entirety, but one in joint tenancy only, and that Jasper Winstanley was the owner of a half interest in the property, which was subject to levy and sale on execution.   After the Winstanleys bought the lot they built a dwelling on it and made it their homestead until November 17, 1918, when they sold it to William H. Gibb and Sydnie E. Gibb, his wife, who, it is claimed,

paid part of the consideration after the release by the sheriff and in reliance thereon. Disregarding the release, plaintiff sold the land under his execution levy on November 29, 1919. Later he filed this bill to have a determination of Jasper Winstanley's interest. On the hearing the circuit judge dismissed the bill. Plaintiff appeals.

The following questions are involved:

(1) Did Winstanley and wife under the deed given by Mrs. Wilcox take an estate in entirety or one of joint tenancy?

(2) Could a valid sale be made after release of the levy by the sheriff?

(3) Was the bill of complaint filed too late?

(4) Was the sale void because made in violation of the statutes relating to homestead rights?

Did the deed from Mrs. Wilcox convey to Jasper Winstanley and wife an estate in entirety or in joint tenancy? At common law a conveyance to husband and wife gave to them a tenancy by entirety. 1 Cooley's Blackstone, bk. 2, p. 181. This common-law tenancy has been abolished in many States, but still exists in Michigan. *Fisher* v. *Provin*, 25 Mich. 347; *Manwaring* v. *Powell*, 40 Mich. 371; *Jacobs* v. *Miller*, 50 Mich. 119.

*In re Appeal of Nellie Lewis*, 85 Mich. 340 (24 Am. St. Rep. 94), overruled *Dowling* v. *Salliotte*, 83 Mich. 131, in which it was held that estates in entirety were abolished by statute in this State. Some courts have held that under the common law a husband and wife could not receive and hold an estate except by entirety. The better authority, however, is that they could hold as joint tenants or tenants in common if sufficiently described as such in the deed. 21 Cyc. p. 1198, and cases cited.

"At common law a husband and wife are tenants by entirety, unless the conveyance to them indicates an intention to create a different estate. This remains the

law in those States where it has not been changed by statute." 2 Jones Law of Real Property in Conveyancing, § 1792.

See, also, Hopkins Real Property, § 212, p. 337; 2 Rice Modern Law of Real Property, § 442; citing, *Miner* v. *Brown,* 133 N. Y. 308 (31 N. E. 24).

In this State, where the common-law rule is unchanged by statute, a conveyance to husband and wife conveys an estate in entirety, but may create one in joint tenancy or in common, if explicitly so stated in the deed. The question then in the case under consideration is the construction to be placed on the language of the deed to "Jasper Winstanley and wife as joint tenants." To "Jasper Winstanley and wife" conveys an estate by the entirety. The explanatory words, "as joint tenants," would of themselves be sufficient to indicate that an estate in joint tenancy was intended to be conveyed were it not for the fact that an estate by the entirety is a species of joint tenancy and is commonly included in that class. We have held that a grant to a husband and wife jointly conveyed an estate in entirety. The same word "jointly" used in a conveyance to grantees not husband and wife conveys an estate in joint tenancy. So, too, the words "joint tenants," when coupled with "husband and wife," do not bear the ordinary meaning, for an estate by the entirety is a joint tenancy. It is an estate in joint tenancy plus the unity of the marital relation. At common law and in our statutes, estates by the entirety are regarded as a modified form of joint tenancy. In California, where estates in entirety are not recognized, it was said in *Swan* v. *Walden,* 156 Cal. 195 (103 Pac. 931, 20 Ann. Cas. 194, 134 Am. St. Rep. 118) :

"This tenancy was a modification of the joint tenancy and arose where an estate was conveyed to a husband and wife under circumstances which would have created simply a joint tenancy if the conveyance

had been made to any two people other than a husband and a wife. The estate was still, at common law, a joint tenancy, but because of the disabilities of the wife, the common law regarding the husband and wife as one, by construction the courts erected a modification of the tenancy."

"This tenancy by entireties is essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person." *Pray* v. *Stebbins*, 141 Mass. 219 (4 N. E. 824, 55 Am. Rep. 462).

Our statute following the common-law idea treats estates by entirety as included in joint tenancies.

"Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and prop-. erties of which, respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter." 3 Comp. Laws 1915, § 11561.

Because estates by entirety come within the class referred to as joint tenancy, we have held that this statute did not abolish such estates.

"In some of the decisions the terms 'joint tenancy' and 'tenancy by entirety,' are used interchangeably." *In re Appeal of Nellie Lewis, supra.*

In view of the fact that estates by entirety are a modified form of joint tenancy, that the terms are sometimes used interchangeably, and that our statute treats them as a species of joint tenancy, it is my judgment that the words "as joint tenants," coupled with husband and wife in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed. To create an estate in joint tenancy in a conveyance to a husband and wife, the words used must be sufficiently clear to negative the common-law presumption that an estate by entirety was intended. Estates in joint

tenancy are not favored. Since the enactment of our statutes, all presumptions are against them. See 3 Comp. Laws 1915, §§ 11562, 11563. We think it must be held under the circumstances of this case, that the deed to "Jasper Winstanley and wife as joint tenants," conveyed an estate by the entirety. In harmony with this conclusion is *Hoag* v. *Hoag*, 213 Mass. 50 (99 N. E. 521, Ann. Cas. 1913E, 886). As supporting a different view see *Thornburg* v. *Wiggins,* 135 Ind. 178 (34 N. E. 999, 22 L. R. A. 42, 41 Am. St. Rep. 422), and 2 Jones on Law of Real Property in Conveyancing, § 1795.

As the question here disposed of is controlling it is not necessary to discuss others presented by the record.

The decree of the circuit judge is affirmed, with costs to the defendants.

FELLOWS, C. J., and BIRD, SHARPE, and STEERE, JJ., concurred. WIEST and CLARK, JJ., concurred in the result. MOORE, J., did not sit.