DUTCHER v. VAN DUINE.

1. HUSBAND AND WIFE — CONVEYANCE TO HUSBAND AND WIFE JOINTLY CREATES TENANCY BY ENTIRETIES.

   A conveyance of land to husband and wife "jointly and not as tenants in common" creates a tenancy by the entireties.

2. SAME—LAND HELD IN TENANCY BY ENTIRETIES NOT SUBJECT TO EXECUTION FOR WIFE'S DEBT.

   Land conveyed to husband and wife as tenants by the entireties several years before judgment was rendered against the wife in a tort action is not subject to levy and execution in satisfaction thereof.

3. FRAUDULENT CONVEYANCES—CONVEYANCE BY WIFE IN FRAUD OF RIGHTS OF JUDGMENT CREDITOR.

   Where, at the time a cause of action accrued against a wife, the title to land stood in her name, but before judgment was rendered against her she caused the title to be placed in herself and husband as tenants by the entireties, said conveyance was in fraud of the rights of the judgment creditor.

[1]Husband and Wife, 30 C. J. § 97; [2]Id., 30 C. J. § 106; [3]Fraudulent Conveyances, 27 C. J. § 278; 27 A. L. R. 826; 13 R. C. L. 1102; 3 R. C. L. Supp. 121; 4 R. C. L. Supp. 849; 5 R. C. L. Supp. 726.

4. SAME—HOMESTEADS—LAND CONVEYED IN FRAUD OF RIGHTS OF CREDITOR MAY BE LEVIED ON SUBJECT TO HOMESTEAD RIGHTS.

Where a wife owning land attempted to defeat the satisfaction of a judgment against her in a tort action by creating a tenancy by the entireties, which is held void, but homestead rights had attached to said land, the judgment creditor may proceed to levy thereon subject to the homestead rights.

5. SAME—ONE HAVING CAUSE OF ACTION ON TORT A CREDITOR—BILL IN AID OF EXECUTION.

One who has a cause of action based on a tort is a "creditor" within the meaning of the uniform fraudulent conveyance act (Act No. 310, Pub. Acts 1919), and, therefore, may maintain a bill in aid of execution.

Appeal from Allegan; Cross (Orien S.), J. Submitted October 12, 1927. (Docket No. 97.) Resubmitted March 27, 1928. Decided June 4, 1928.

Bill in aid of execution by Margaret M. Dutcher, now Margaret M. Laube, against Kate Van Duine and Kassie Snyder. From a decree dismissing the bill, plaintiff appeals. Affirmed as to defendant Snyder and reversed as to defendant Van Duine.

*Clare E. Hoffman,* for plaintiff.

*Perle L. Fouch,* for defendants.

FELLOWS, J. Plaintiff recovered a judgment in tort against defendants for assaulting and beating her. An execution issued and was levied upon two parcels of real estate in which defendants have an interest. Plaintiff then filed this bill in aid of execution. After hearing the proofs the chancellor denied plaintiff relief and dismissed her bill on the grounds that the two pieces of real estate levied upon were owned by the defendants as tenants by the entireties with their respective husbands.

---

[4]Fraudulent Conveyances, 27 C. J. § 541; Homesteads, 29 C. J. § 229; [5]Fraudulent Conveyances, 27 C. J. § 123.

Snyder Parcel.    It appears that on November 25, 1918, the 80-acre parcel was conveyed to "Charles Snyder of Allegan county, and his wife, Kassie Snyder, of the same place, jointly and not as tenants in common."    Plaintiff contends that this conveyance made Kassie Snyder a joint tenant, and, as the interest of a joint tenant may be subject to execution, the levy was valid.    The chancellor construed the conveyance as one creating a tenancy by the entireties, and we are inclined to agree with him.    As a rule the laity speaks of a tenancy by the entireties as a joint deed, and the record shows that Mr. and Mrs. Snyder understood that they had that kind of a deed.    So far as the wording of the deed is concerned it appears to be controlled by *Hoyt* v. *Winstanley,* 221 Mich. 515. The conveyance involved in that case ran to "Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants."    It was held that this conveyance created a tenancy by the entireties.    Inasmuch as this conveyance was made several years before the judgment was rendered or the cause of action accrued, the chancellor was right in holding that the levy was of no force on the Snyder premises.    The decree as to defendant Snyder will be affirmed, with costs of this court.

Van Duine Parcel.    This was a 30-acre tract, and, at the time the cause of this action accrued, was owned by Mrs. Van Duine subject to life estate of her mother in 10 acres.    Thereafter and before judgment, conveyances were executed which placed the title in Mrs. Van Duine and her husband as tenants by the entireties.    Upon the facts it will suffice to say that we are not satisfied that these conveyances were made pursuant to an agreement with her husband before they were married some 14 years before; they were evidently made to defeat the satisfaction of plaintiff's claim; but we are satisfied that homestead rights had

attached to them, and that they were worth in excess of homestead exemptions.

The trial court reached the conclusion that a bill in aid of execution was not maintainable because the action upon which the judgment was rendered was one in tort.    Language in *Hill* v. *Bowman,* 35 Mich. 191, and in other cases where the precise question here involved was not before the court is relied upon to sustain this holding.    But in the later case of *Schaible* v. *Ardner,* 98 Mich. 70, Mr. Justice McGrath, who wrote for the court, pointed out that the *Hill Case* was decided on its facts, called attention to other cases, and said:

"The construction of the word 'creditors' in *Hill* v. *Bowman* is a narrow one at best, and the language employed wholly overlooks the other terms employed in the statute, and necessarily excludes them.    It is certainly difficult to comprehend why the language 'other persons' having lawful suits, damages, or demands, should be disregarded.    Similar statutes have been construed in other States, and a consensus of the decisions is given in the text of 8 Am. & Eng. Enc. Law, 750, where it is said:

"'A creditor, in this connection, is not necessarily the holder of a debt merely, as that term is generally understood; for one having a legal right to damages capable of judicial enforcement is a creditor, within the meaning of the statutes and law upon the subject of fraudulent conveyances.'

"The authorities cited—and they are numerous—support the text.

"In the present case defendant had a demand for the taking and conversion of property upon which suit had been commenced, and upon which judgment was afterwards obtained, and we think she is clearly within the protection of the statute."

And in section 1 of uniform fraudulent conveyance act (Act No. 310, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 12003 [1]), a creditor is defined as follows:

"'Creditor' is a person having any claim, whether

matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."

In *Harnau* v. *Haight*, 209 Mich. 604, and *Morse* v. *Roach*, 229 Mich. 538, this court sustained judgment creditors' bills upon judgment in tort, growing out of automobile accidents, although the question here involved was not raised. Upon the authority of the *Schaible Case* the transfers of the Van Duine parcel will be set aside and plaintiff may proceed with her levy thereon subject to homestead rights. Plaintiff will recover against defendant Van Duine costs of both courts.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.