ADA M. SLOCUM, EXECUTRIX, ESTATE OF GRANT H. SLOCUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30040.   Promulgated November 3, 1930.

*Fred J. Shumann, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

PHILLIPS: The questions arising in this proceeding are (1) whether the value of certain lands held by the decedent and wife in the States of Florida and Michigan as tenants by the entirety should be included in the gross estate of the decedent for the purposes of the Federal estate tax; (2) whether money deposited in a joint account and the value of a land contract, being the proceeds from the sale of land held by decedent and his wife in Michigan as tenants by the entirety, should be included in the gross estate of the decedent.

Since this proceeding was submitted the principle which controls the decision of the first of these questions has been decided adversely to the contentions of the petitioner by the Supreme Court in *Tyler* v. *United States*, 281 U. S. 497. In that case the court held that sections 401 and 402 of the Revenue Act of 1921, which are substantially the same as the provisions of the Revenue Act of 1924, were constitutional and that the value of property held by the decedent and his wife as tenants by the entireties was properly to be included in computing the value of the estate of a decedent subject to estate tax, where none of such property had ever belonged to the surviving spouse. Here there is no evidence as to the ownership prior to the creation of the joint tenancy. In the absence of evidence that the property at some time was that of the survivor, we are in no position to distinguish this case from that of *Tyler*.

There remains one possible distinction between that case and the one before us. In its decision in the *Tyler* case the court points out that the estate by the entireties was created after the passage of the act levying the tax. This was also true of the other cases decided by the court at the same time. The instant case is governed by the Revenue Act of 1924, which provides in section 302 (h) that the provision including estates by the entirety shall apply whether such estates were created before or after the enactment of the act. Only if this provision of the statute is unconstitutional may any part of the property here involved be omitted in the computation of the value of the gross estate. In the *Tyler* case the court was not called upon to pass on the constitutionality of the taxing act as applied to an estate by the entireties created prior to the enactment of the taxing statute; yet the basis upon which the court rests its decision is such that the conclusion seems to follow inevitably that it is immaterial when the estate is created. The court says that the question is " whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax." It is pointed out that while the survivor had an estate prior to the death, this event had the effect

of passing to the survivor substantial rights in respect of the property theretofore never enjoyed. "Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the others. To include * * * in the gross estate * * * the value of property * * * which, as a consequence of the * * * death, was relieved from restrictions imposed by the law in respect of tenancy by the entirety so as to produce in the survivor the right of sole proprietorship is obviously neither arbitrary or capricious."

The same basis and occasion for the tax would seem to exist whether the estate was created before or after the effective date of the Revenue Act of 1924. The argument which would be advanced to the contrary would be based upon the principle which controlled in the decision of *Nichols* v. *Coolidge*, 274 U. S. 531. After pointing out in that case that the transfers were completed prior to death, the court stated the proposition presented to it as follows:

The statute requires the executors to pay an excise ostensibly laid upon transfers of property by death from Mrs. Coolidge to them, but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death. Is the statute, thus construed, within the power of Congress?

It was held that the statute was unconstitutional. To the same effect see *May* v. *Heiner*, 281 U. S. 238. In those cases the property had passed before the death, but in the case of estates by the entireties, as pointed out by the court in distinguishing the *Nichols* case, the property was relieved by the death from restrictions imposed by the law so as to produce in the survivor the right of sole proprietorship. In the one case the interest of decedent was transferred by a bona fide conveyance fully completed before death; in the other, the transfer which is taxed was not fully completed until death. The date on which the estate was created is immaterial if the taxable transfer was not completed until death. Compare *Nichols* v. *Coolidge, supra,* and *May* v. *Heiner, supra,* with *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339; *Lewellyn* v. *Frick,* 268 U. S. 238, with *Chase National Bank,* 278 U. S. 327.

We are of the opinion that the Commissioner properly included in the gross estate the value of all property which the decedent and his wife owned as tenants by the entireties at the date of decedent's death.

It is of interest to note that in *John A. Loetscher,* 14 B. T. A. 228, and *Helen Latham,* 16 B. T. A. 48, it was held that the decision in *Nichols* v. *Coolidge* was not to be construed as excluding from the gross estate the value of property conveyed by decedent in contemplation of death, although such conveyance was made before the enactment of the act under which the tax was levied where the act expressly provided for the inclusion of property so transferred, whether the

transfer was made before or after its enactment. See also *Emily A. A. Leser, Executrix,* 17 B. T. A. 266.

We come next to consider the character of the estate of decedent and his wife in the proceeds from the sale of land held by them as tenants by the entirety. The cash received from the sale was deposited in the bank to the account of decedent and Ada M. Slocum, his wife. The land contract for the balance of the purchase money, executed June 23, 1920, was between Ada M. Slocum and Grant H. Slocum, vendors, and Fred E. Thompson, vendee. Under the decisions of the courts of Michigan in force at the date of this contract the vendor's interest in a land contract is considered personal property. Upon the death of the vendor it goes to his administrator as personalty and does not descend as real estate to the heirs of the vendors and is not subject to dower, *Bowen* v. *Lansing,* 129 Mich. 117; 88 N. W. 384; *Detroit Trust Co.* v. *Baker,* 203 N. W. 154. With certain minor exceptions not material here, a joint tenancy in such personalty, with its right of survivorship, is not recognized in Michigan, where it has been held that a tenancy in common results. *Waite* v. *Bovee,* 35 Mich. 425; *Luttermoser* v. *Zeuner,* 110 Mich. 186; 86 N. W. 117; *Ludwig* v. *Brunner,* 203 Mich. 556; 169 N. W. 890; *Hart* v. *Hart,* 201 Mich. 207; 167 N. W. 337.

In general, when an estate by the entirety has been sold by husband and wife the proceeds thereof in money belong to them in equal parts. By such sale they cease to have any estate in the land, and it is not necessary to treat the proceeds of the sale as being held by them in the same manner and subject to the same law in order to secure to either of them the enjoyment of the land. Having parted with their estate by their voluntary conveyance, the personalty received therefor is regarded not as land, but as personal property. See Thompson on Real Property, vol. 2, sec. 1752, and authorities there cited.

It may be pertinent to note that subsequent to the date with which we are concerned the law with reference to land contracts executed by tenants in the entireties was changed. Act 126, Public Acts of 1925. It should also be noted that the bank account standing in the name of decedent and his wife contains no provision with respect to survivorship and therefore does not come within the provisions of the statute quoted in *Sophia Weil, Administratrix,* 15 B. T. A. 965. Upon the authorities cited above we believe that the proceeds of the sale during their lifetime of lands held by decedent and his wife as tenants by the entirety were personal property held as tenants in common. In this situation one-half of the value of the land contract with accrued interest, and one-half of the joint bank account should be included in the gross estate of decedent.

Reviewed by the Board.

*Decision will be entered under Rule 50.*