*175 OPINION.
Phillips:
The single question presented for decision is whether the value of certain properties held by the decedent and his wife as tenants by the entirety was properly included by the Commissioner in computing the gross estate of decedent subject to estate tax. Since this case was submitted the Supreme Court has rendered its decision in Tyler v. United States, 281 U. S. 497, upon authority of which we must decide against the petitioner.
At the hearing in this proceeding counsel for the respondent stated that, in view of the amendment to the regulations by Treasury Decision 4248, error was confessed as to the inclusion in the gross estate of the value of those properties acquired by decedent and his wife prior to the enactment of the estate-tax law of September 8, 1916. The decision referred to amends the regulations of the Commissioner with respect to the inclusion in the gross income of property held as joint tenants or tenants by the entirety, by adding thereto a sentence reading:
Tbe statute applies only to joint ownerships based on the right of survivor-ship and created subsequent to September 8, 1916.
This amendment was made after the decision of the Supreme Court in Nichols v. Coolidge, 274 U. S. 531, and before the decisions in Chase National Bank v. United States, 278 U. S. 327; Reinecke v. Northern Trust Co., 278 U. S. 339; and Tyler v. United States, supra. The Revenue Act provides for the inclusion of such estate whether created before or after the enactment of the Act, and the amendment made by the Commissioner to his regulations seems justified only if the Act, so far as it taxed such estates, was unconstitutional. In view of the more recent decisions of the Supreme Court, we have reached the conclusion in Estate of Grant H. Slocum, 21 B. T. A. *176 169, that the value of property held by a decedent and his wife as tenants by the entirety is to be included as a part of the gross estate whether the estate by the entirety was created before or after September 8, 1916; provided, of course, the other conditions set out in the Ant exist. We find ourselves in the position of being unable to accept a' confession of error based solely and expressly upon an interpretation of the law which we regard as wrong.
Since the preparation of the foregoing opinion the amendment to the regulations made by Treasury Decision 4248 has been reversed by Treasury Decision 4294.
Reviewed by the Board.

Decision will be entered for respondent.