### DEYOUNG v. MESLER.

1. HUSBAND AND WIFE—REALTY—JOINT TENANCY—INTENT.
   Real property can be held by husband and wife as joint tenants
   when a clear intent to create a joint tenancy occurs.

2. SAME—ESTATES BY ENTIRETY—JOINT TENANCY.
   Estates by entirety are a modified form of joint tenancy.

3. SAME—JOINT TENANCY—PRESUMPTIONS—INTENT.
   To create an estate in joint tenancy in a conveyance to a husband
   and wife the words used must be sufficiently clear to negative
   the common-law presumption that an estate by entirety was in-
   tended in view of statutes disfavoring joint estates (CL 1948,
   §§ 554.44, 554.45).

4. SAME—JOINT TENANCY—ESTATES BY ENTIRETY—INTENT.
   The conveyance of property to a husband and wife *as joint
   tenants,* insufficient not to create a tenancy by the entirety,
   would be rendered sufficient to do so by the addition of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  14 Am Jur, Cotenancy § 6 et seq.
[2]  26 Am Jur, Husband and Wife § 66 et seq.
[5]  14 Am Jur, Cotenancy § 10.
[6]  14 Am Jur, Costs § 21 et seq.

term *not as tenants by the entirety,* when such is the intent of the conveyance (CL 1948, §§ 554.44, 554.45).

5. Same—Personalty—Joint Tenancy—Statutes.

The statute relative to estates of joint tenancy by husband and wife in personalty creates an estate in personalty with full right of ownership by survivorship in case of the death of either that is an estate by the entireties and may not be reached by the creditor of the husband only, in the absence of any fraudulent transfer being involved (CL 1948, § 557.151).

6. Costs—Construction of Statutes—Joint Tenancy in Personalty Held by Husband and Wife—Estates by Entirety.

No costs are allowed in proceeding by judgment creditor of husband against debenture owned by defendant husband and wife, where construction of statute relative to joint tenancy of husband and wife in personalty is involved (CL 1948, § 557.151).

Souris, J., dissenting.

Appeal from Kent; VanderWal (John H.), J. Submitted February 5, 1964. (Calendar No. 34, Docket No. 50,477.) Decided September 2, 1964.

Case by Harold DeYoung, Arthur F. Harwood, and Clarence Kraker, copartners doing business as Omega Construction Company, against Clark Mesler resulted in judgment for plaintiffs. Supplementary proceedings taken by plaintiffs to reach debenture held in names of Clark Mesler and Marion Mesler, his wife, who participates in proceedings and on appeal. Order entered denying plaintiff right to reach an undivided one-half interest in debenture. Plaintiffs appeal. Affirmed.

*Mitts, Smith & Haughey* (*Sherman H. Cone,* of counsel), for plaintiffs.

*Robert S. Tubbs,* for defendants.

O'Hara, J. This case involves the attempt of plaintiffs, judgment creditors of defendant-husband alone to reach an asset in the nature of a debenture

issued to defendants husband and wife in both their names.

. The judgment against the husband was obtained on February 25, 1963. The debenture was issued to husband and wife on January 6, 1959. No question of a fraudulent transfer of any asset of the husband to husband and wife is involved. The trial court denied the creditor the relief sought.

A statement of facts, a narrative of testimony and the debenture have been stipulated as constituting. the record. We need not set forth the instrument but we mention that the "debenture" is 1 of those "evidences of indebtedness" specified in the statute hereinafter set out. The facts above recited are taken from the stipulation of fact and are adequate upon which to premise our decision.

Plaintiffs-appellants base their statement of question squarely upon statute thus:

"Does PA 1927, No 212 (CL 1948, § 557.151 [Stat Ann 1957 Rev § 26.211]) which specifically provides that debentures made payable to husband and wife shall be held by them in *joint tenancy* in the same manner as real estate held jointly by them, with full right of survivorship create, instead, *a tenancy by the entireties* in such property?"

We accept the question as stating the issue.
The involved statute is herewith set out:

"An act to provide for the joint ownership by husband and wife in joint tenancy of certain classes of personal property with right of survivorship.
*"The People of the State of Michigan enact:*
· "All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as indorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless

otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either."

The precise question is one of first impression before this Court. However, it was passed upon by the court of appeals for the sixth circuit. While the decision of that court is not binding upon us, we will herein refer to the reasoning and results of that opinion. For the appellants it is urged that the statute is very clear and its meaning self-evident. In substance, their argument is that since it is the settled law of this state that husband and wife may own realty in a joint tenancy, with or without survivorship rights, it follows that when the legislature used the words "shall be held  *   *   *  in joint tenancy unless otherwise therein expressly provided" with respect to evidences of indebtedness, it meant exactly that. They urge further that the addition of the words in the statute "with full right of ownership by survivorship in case of the death of either" clearly negatives any legislative intent to create a tenancy by the entireties, because survivorship is implicit in an entirety estate. They argue that the allusion thereto in the statute would be meaningless surplusage unless we construe the act in the manner for which they contend.

. Per contra, appellees contend that such an interpretation is at complete variance with the legislative intent, because it disregards completely the phraseology "in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State."

: We recognize what is ably argued by appellants that irrespective of presumptions to the contrary,

real property in this State *can* be held by husband and wife as joint tenants when a clear intent to create a joint tenancy occurs.

We considered the question of this intent in *Hoyt v. Winstanley,* 221 Mich 515. In that case the conveyance of realty in question was to "Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants." The issue in the case was, as here, whether execution issued upon a judgment against the husband only could reach a severable, determinable interest of his. For a unanimous Court, Justice McDonald wrote (pp 519, 520):

"In view of the fact that estates by entirety are a modified form of joint tenancy, that the terms are sometimes used interchangeably, and that our statute treats them as a species of joint tenancy, it is my judgment that the words 'as joint tenants,' coupled with husband and wife in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed. To create an estate in joint tenancy in a conveyance to a husband and wife, the words used must be sufficiently clear to negative the common-law presumption that an estate by entirety was intended. Estates in joint tenancy are not favored. Since the enactment of our statutes, all presumptions are against them. See CL 1915, §§ 11562, 11563.* We think it must be held under the circumstances of this case, that the deed to 'Jasper Winstanley and wife as joint tenants,' conveyed an estate by the entirety."

The language of the cited case appears to require that in order not to create a tenancy by the entirety in realty conveyed to husband and wife, even the use of the words "as joint tenants" is insufficient. The only alternative seems to be to use the words

---

* CL 1948, §§ 554.44, 554.45 (Stat Ann 1957 Rev §§ 26.44, 26.45)— Reporter.

"not as tenants by the entirety" when such is the intent of the conveyance.

Applying this test to the statute controlling of the instant case, the words "in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife" of necessity mean in an estate by the entireties unless an intent to do otherwise is affirmatively expressed. The evidence of indebtedness here involved reads simply "promises to pay to W. Clark Mesler and Marion Mesler, his wife." It is conceded, as we noted, that the instrument, a debenture, is specifically mentioned in the statute.

We conclude therefore, as did the trial judge, and as did the court of appeals in *Commissioner of Internal Revenue* v. *Hart* (CCA 6), 76 F2d 864, 865:

"In Michigan, the common-law rule that a conveyance to husband and wife creates a tenancy by the entirety has persisted except in respect to conveyances explicitly indicating that some other kind of tenancy is intended. Even the qualifying phrase 'as joint tenants,' while sufficient to create a joint tenancy in a conveyance to grantees generally, does not avoid the creation of an estate by the entirety when the grantees stand in the marital relation to each other." (Citing *Hoyt* v. *Winstanley, supra.*)

Such being the case as to conveyances of realty under our settled law, we are constrained to hold that the language of the statute is indicative of a legislative intent to create in the evidences of indebtedness specified in the statute an estate by the entireties. It follows therefore that execution upon a judgment against the husband only, no fraud being involved, will not lie. The order denying the motion to reach an undivided 1/2 interest in the

debenture is affirmed. No costs, construction of a statute being involved.

Kavanagh, C. J., and Dethmers, Kelly, Black, Smith, and Adams, JJ., concurred with O'Hara, J.

Souris, J. (*dissenting*). In this State, while husband and wife can own real estate as tenants by the entirety as well as in common or as joint tenants (CL 1948, §§ 554.44, 554.45 [Stat Ann 1957 Rev §§ 26.44, 26.45]; *Hoyt* v. *Winstanley,* 221 Mich 515; and *Dutcher* v. *Van Duine,* 242 Mich 477), as a general rule they cannot own personalty by the entirety. *Wait* v. *Bovee,* 35 Mich 425; *Luttermoser* v. *Zeuner,* 110 Mich 186; and *Scholten* v. *Scholten,* 238 Mich 679. Exceptions, however, have been recognized judicially as well as by legislation. For example, this Court has ruled that crops grown upon entirety realty are held by the entirety. *Dickey* v. *Converse,* 117 Mich 449, (72 Am St Rep 568) and *Morrill* v. *Morrill,* 138 Mich 112, 114, 115 (110 Am St Rep 306, 4 Ann Cas 1100); and, by statute, the proceeds from a mortgage or land contract taken upon the sale of realty owned by the entirety are received and held by the entirety. PA 1925, No 126 (CL 1948, § 557.81 [Stat Ann 1957 Rev § 26.191]).

By statute, in 1927 our legislature provided that certain specified choses in action can be held by husband and wife "in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either." PA 1927, No 212 (CL 1948, § 557.151 [Stat Ann 1957 Rev § 26.211]). It is this statute which we construe in decision of this appeal and which, it is claimed, permits ownership by the entirety of the specified choses in action.

I do not read the statute to mean, as it is claimed, that all choses in action specified therein, when made payable to husband and wife, are held by them by the entirety unless otherwise expressly provided.[1] I find it impossible to read the statutory words of joint tenancy, used as they are in the classical sense of joint tenancy of realty with survivorship rights, "as if" the legislature had intended, instead, to create a statutory presumption of title by the entirety. In the first place, as has been noted above, our State does not favor entirety ownership of personalty as, concededly, it does realty, and, absent some plausible reason therefor, it defies belief that the legislature would have intended such a sharp departure from our past legal history in this State. Secondly, had the legislature so intended, it seems to me beyond doubt that it would have expressed such intention by use of language which is appropriate therefor—that it would have said "tenancy [or, more appropriately, title] by the entirety", instead of "joint tenancy" and instead of "held jointly by husband and wife * * * with full right of ownership by survivorship". Its familiarity with such language of entirety ownership is demonstrated by PA 1927, No 210 (CL 1948, §§ 557.101, 557.102 [Stat Ann 1957 Rev §§ 26.201, 26.202]), adopted simultaneously with Act No 212 which we here construe. By that Act No 210, expressly stated to be declaratory of the common law, the legislature provided that any "tenancy by the entirety" in land may be terminated by conveyance from either spouse to the other. It hardly is to be doubted that had the legislature intended by Act No 212 also to create

1 In *Hiller* v. *Olmstead* (1931), 54 F2d 5, and *Commissioner of Internal Revenue* v. *Hart* (1935), 76 F2d 864, the circuit court of appeals for the sixth circuit so construed PA 1927, No 212. But in 1953, in *Guldager* v. *United States*, 204 F2d 487, the same court acknowledged that, absent a definitive holding by this Court, the issue was still open to a contrary view.

a statutory presumption that all bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness held by husband and wife as payees, indorsees, or assignees were to be held by them as entirety property, it would have stated such intention appropriately. Thirdly, as noted above, PA 1925, No 126 (CL 1948, § 557.81 [Stat Ann 1957 Rev § 26.191]), which likewise speaks appropriately in language of entirety, provided that promissory notes, mortgages, and land contracts taken upon the sale of realty held as tenants by the entirety shall be held by the vendors with all of the incidents of their prior entirety tenancy of the realty; but notwithstanding the very limited reach of Act No 126—only to purchase money notes, mortgages, and land contracts taken upon the sale of realty held as tenants by the entirety—it is suggested that PA 1927, No 212, passed only 2 years later, raises a presumption of entirety ownership of *all* promissory notes, mortgages, and other evidences of indebtedness when made payable, or indorsed, or assigned, for whatever reason, to husband and wife—and this without reference to the earlier, more restrictive, act. I reject such suggestion as totally inconsistent with our State's history of reluctance to restrict the right of spouses to take personalty, as contrasted with realty, by determinable moiety—a reluctance demonstrated by the very few circumstances, including 1 recognized by the legislature 2 years earlier, in which unitary ownership of personalty by husband and wife heretofore has been recognized judicially or legislatively in this State.

Whether our State's policy in this regard is right or wrong is not before us for consideration in this case. Here we only construe a statute; we do not apply and develop our common law. Whatever our judgment of the wisdom of this legislative policy,

aligning Michigan with a diminishing minority of the States which generally deny the right to create "tenancies" by the entirety in personalty except as authorized by statute, we must abide by that policy until it is altered by statutory language more precisely indicative of a shift in policy than the language we are obliged to construe.[2]

I would construe the language of PA 1927, No 212 to create a presumption that the choses in action specified, when made payable to or held as indorsees or assignees by husband and wife, are held jointly with rights of survivorship rather than in common unless, of course, it is "otherwise therein expressly provided". I find nothing in that act which permits creation of a unitary interest in personalty by husband and wife such as is implicit in an entirety tenancy in realty and by which such interest among other characteristics, becomes immune to the satisfaction of either spouse's sole debts. *Hoyt* v. *Winstanley, supra.* By PA 1925, No 126 certain choses in action taken upon the sale of realty held by the entirety do acquire such legal characteristics; but Act No 212, as I read it, does not extend the policy objective of Act No 126 to all such choses nor to any others.

Accordingly, it is my judgment that the interest acquired by defendants in the debenture made payable to them as "W. Clark Mesler, and Marion K. Mesler, his wife", was a joint interest with right of survivorship in each and not an interest in common nor an interest by the entirety. Therefore, defendant W. Clark Mesler's judgment creditors were entitled to reach his determinable moiety interest there-

---

[2] For definitive expositions of the statutory and common law of England and the States on this subject, see Townsend, "Creation of Joint Rights between Husband and Wife in Personal Property", 52 Mich L Rev 779 and 957 (1954), and annotation entitled, "Estates by Entirety in Personal Property", 64 ALR2d 8 (1959).

in and the trial court erred in denying them the relief they sought by proceedings following judgment as now permitted by chapter 61 of the revised judicature act (CLS 1961, § 600.6101 *et seq.* [Stat Ann 1962 Rev § 27A.6101 *et seq.*]) and by GCR 1963, 741 and 742.

The order should be reversed and the case remanded. Costs may be taxed.