**UNITED STATES of America, Plaintiff,**

v.

**Mitchell Dennis MARKS, Defendant.**

**Nos. 86–CR–80641–DT, 87–CV–71482–DT.**

United States District Court,
E.D. Michigan, S.D.

Nov. 7, 1988.

**624**

Peter A. Caplan, Brian Legghio, Detroit, Mich., for plaintiff.

Martin S. Baum, Detroit, Mich., for Mitchell Marks.

Stephen J. Bock, Detroit, Mich., for Leah L. Marks.

Martin W. Bordoley, for George A. Howell.

### ORDER

JULIAN ABELE COOK, Jr., District Judge.

On June 6, 1988, the Defendant, Mitchell Dennis Marks, was convicted by a jury of violating the provisions of 21 U.S.C. § 846, which prohibits, *inter alia,* the sale and distribution of cocaine. As part of its verdict, the jury concluded that Marks' interest in an improved parcel of real property at 2525 Leroy Lane, West Bloomfield, Michigan, should be forfeited to the Government as the instrumentality of an illegal transaction under 21 U.S.C. § 853.

On April 17, 1987, the Government initiated a civil action in this District, No. 87–CV–71482–DT, which sought the forfeiture of the Leroy Lane property to the United States. That action was subsequently consolidated with the instant case on August 5, 1988.

The Government and counsel for Leah Liza Marks have now stipulated that she was innocent of any knowledge of the illegal acts of Mitchell Dennis Marks, on the Leroy Lane premises, within the meaning of 21 U.S.C. § 881. This stipulation leaves this Court with the necessity to determine the nature and legal effect of Leah Marks' interest, if any, in the subject realty.[1]

### I.

Mitchell Dennis Marks and Leah Liza Marks were husband and wife when they jointly purchased the Leroy Lane property under a land contract on November 20, 1975. The couple acquired the property by deed on March 27, 1981. In order to make that acquisition possible, the property was mortgaged to the Federal Mortgage Corporation on May 20, 1981, and the proceeds from that mortgage were used to pay the remaining balance on the land contract.

On May 26, 1981, Federal Mortgage assigned the Marks mortgage to the Consolidated Equipment Company Profit Sharing Plan, George Howell, Trustee. However, when the mortgagees failed to make timely payments, Consolidated Equipment prevailed in a foreclosure proceeding on the mortgage in Oakland County (Michigan)

1. This Court has been advised that the Leroy Lane property has been sold, and the proceeds of the sale have been deposited with the United States Marshals' Service. The Court deems those proceeds to be a substitute *res* which retains the same legal attributes as the realty for purposes of the instant case.

Circuit Court. The Leroy Lane property was sold on December 2, 1983 pursuant to a Sheriff's Deed.

On June 5, 1984, following the expiration of the redemption period under the judgment of foreclosure, Mitchell and Leah Marks repurchased the property from Consolidated Equipment.

A second judgment of foreclosure, which reflected a default on the June 1984 land contract, was entered in the same state court on February 16, 1988.

## II.

### A.

■ The civil and criminal forfeiture proceedings, which are currently pending in this matter, have been consolidated and are being conducted under the docket file of the criminal action. Although the civil forfeiture provisions of 21 U.S.C. § 881 and the criminal forfeiture language of 21 U.S.C. § 853 are designed to serve somewhat different objectives, these two statutes are to be applied *in pari materia* in order to adjudicate the interests of third parties.

The rights of third parties are subject to the same standard of proof under section 853(n) and section 881(a)(7). That standard requires proof of a third party's defense to forfeitability by a preponderance of the evidence.

Furthermore, each statute contains language which suggests that it is to be applied in conjunction with its counterpart. The civil forfeiture statute, 21 U.S.C. § 881, expressly provides that:

> the provisions of law relating to ... the remission or mitigation of [judicial] forfeitures ... shall apply to ... forfeitures incurred ... under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof....

21 U.S.C. § 881(d).

The criminal forfeiture statute, 21 U.S.C. § 853, expressly provides for the application of section 881 to a criminal forfeiture proceeding "[e]xcept to the extent that [the two statutes] are inconsistent." 21 U.S.C. § 853(j).

In an effort to resolve the instant controversy, this Court will apply the two forfeiture statutes of Title 21 to the instant petition *in pari materia*. As will be explained below, the Court discerns no inconsistency between these statutes, and knows of no legal authority, which would preclude such an application.

### B.

Section 881(a)(7) reads as follows:

> [N]o property shall be forfeited [as the instrumentality of an offense] to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Section 853(n)(6)(A) states that "the court shall amend the order of forfeiture" if the petitioner has established by a preponderance of the evidence that:

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than in the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section....

■ The terms of section 853(n)(6) require the Court to characterize the "legal ... interest" which the petitioner has in the property.[2] Since there is no general federal common law, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court applying section 853 has no choice but to employ applicable state law when deciding the nature of a property interest. *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966).

**2.** To the extent that a petitioner's interest in realty is a question of law, the Court cannot apply the command of section 853(n)(6) that the interest be established "by a preponderance of the evidence."

■ It is undisputed that at the time of the criminal acts which led to the forfeiture of Mitchell Marks' interest in the property, Mitchell and Leah Marks were tenants by the entirety of the Leroy Lane property under Michigan common law. Stipulation of Facts, paragraph 3. Under Michigan law,

> [t]enants by the entirety, who must be husband and wife, hold under a single title with right of survivorship. Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property; but their joint creditors can reach entireties property.

*Matter of Grosslight*, 757 F.2d 773, 775 (6th Cir.1985), *citing Sanford v. Bertrau*, 204 Mich. 244, 169 N.W. 880 (1918). *See also DeYoung v. Mesler*, 373 Mich. 499, 130 N.W.2d 38 (1964); *Hoyt v. Winstanley*, 221 Mich. 515, 191 N.W. 213 (1922).

Section 853 requires Leah Marks to prove that the interest which she asserts in the Leroy Lane property was hers "rather than" the defendant's, or was "superior to" that of the defendant, as of the time of the offense which gave rise to forfeiture. Because Leah Marks' entireties interest is precisely equal to that of her husband under Michigan law, it is not "superior to" his interest. However, because her interest is the equivalent of an undivided life estate in the entire property, and cannot cease to exist because of her husband's actions, *Matter of Grosslight*, 757 F.2d at 775, it is an interest which she possesses, "rather than" her husband, within the meaning of section 853(n)(6)(A).

The Government argues that an offender should not be able to defeat forfeiture merely by holding his real property interests by the entirety. It asserts that any other construction of the federal forfeiture law would frustrate the will of the Congress to punish criminal offenders by re-

moving the instruments and rewards of their offenses. From this premise, the Government contends that since "[t]he interest of one spouse in an [entireties] estate . . . is not a right to property in any sense," *United States v. Hutcherson*, 188 F.2d 326, 329 (2d Cir.1951), the forfeiture penalty which was levied upon Mitchell Marks—if it is to have any punitive effect upon the offender—ought to be understood to (1) sever the entireties relationship among the offender, the innocent spouse and the subject realty, and (2) create a joint tenancy between the innocent spouse and the United States, a relationship in which either party could alienate its interest.[3]

However, "[w]hen the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise." *United States v. U.S. Coin and Currency*, 401 U.S. 715, 720–22, 91 S.Ct. 1041, 1044, 28 L.Ed.2d 434 (1971), *citing* O. Holmes, The Common Law 23 (M. Howe ed.1963); W. Blackstone, Commentaries, ch. 8, n. 300. Sections 853 and 881 were both originally enacted as part of Title II of the Controlled Substances Act of 1970, Pub.L. 91–513, 84 Stat. 1242 (1970), and were presumably part of the body of forfeiture law to which the *U.S. Coin* Court referred.

Federal courts have recognized entireties property to be a fundamental incident of the marital relationship. For instance, entireties property has been shielded from creditors of the bankruptcy estate of one spouse, *In re Ved Elva*, 260 F.Supp. 978 (1966), and the entireties holdings of tax lien debtors have been held inaccessible to the Government notwithstanding the strong federal policy which favors revenue collection. *United States v. American National Bank of Jacksonville*, 255 F.2d 504, 507 (5th Cir.), *cert. denied*, 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72 (1958); *Pettengill v.*

---

3. The Government does not address certain ramifications of its severance and joint tenancy theory. For instance, it is unclear whether Leah Marks could be compelled to sell her share and give up living in the home if the Government, as her co-tenant, chose to sell its interest to a third party for value.

However, these and other potential difficulties are obviated because the home in this case has been sold and the proceeds from that sale are easily divisible.

*United States,* 205 F.Supp. 10, 13 (D.Vt. 1962).

Most recently, in *United States v. One Single Family Residence,* 699 F.Supp. 1531 (S.D.Fla.1988), a case whose facts closely parallel those of the matter at bar, the Court held that tenancies by the entirety under Florida law were not subject to the Government's civil forfeiture claim against one spouse under 21 U.S.C. § 881(a)(7).

This Court agrees with the result reached in *One Single Family Residence,* and concludes that the Petitioner, Leah Marks, should not be deprived of her entireties interest by severance under the federal forfeiture statutes. To hold otherwise would render the criminal conduct of one spouse sufficient to empower the Government to divest an innocent spouse of his or her lawfully held property.

### III.

As the foregoing analysis makes clear, the Court discerns no inconsistency between the limiting words "rather than" and "superior to" in section 853(n)(6)(A), and the limiting words "without ... knowledge or consent" in section 881(a)(7), as applied to the instant case. As an innocent owner under section 881(a)(7), Leah Marks is entitled to avoid forfeiture to the extent of her interest. As an owner whose asserted interest extends to the entire property, she also fulfills the "rather than" requirement of section 853(n)(6).

An application of these statutes *in pari materia* dictates the same result as would a separate application of either statute. Thus, it is clear to this Court that Leah Marks does not forfeit any of her pre-existing interest in the Leroy Lane property. The Government obtains its requested forfeiture relief only to the extent that Mitchell Marks is deprived altogether of *his* interest in the realty.

Accordingly, the request of the Petitioner, Leah Marks, for relief under 21 U.S.C. § 853(n)(6) and 21 U.S.C. § 881(a)(7) shall be granted. This Order constitutes a final disposition of Leah Marks' petition in Criminal Action No. 86–CR–80641–DT, and a final judgment in Civil Action No. 87–CV–71482–DT.

IT IS SO ORDERED.