*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYRA C. TOROVICH,

        Plaintiff/Counterdefendant-
        Appellee,

UNPUBLISHED
March 5, 2019

v

No. 342967
Oakland Circuit Court
LC No. 2017-162229-CZ

JOSEPH ODDO,

        Defendant/Counterplaintiff-
        Appellant.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting summary disposition and quieting title in favor of plaintiff. For the reasons stated below, we affirm.[1]

## I. BACKGROUND

In 1979, plaintiff purchased real estate pursuant to a land contract. Plaintiff married Thomas Torovich in 1981. In 1985, plaintiff conveyed the property to herself and Thomas via a recorded quitclaim deed. In 1992, Thomas unilaterally granted a mortgage on the property in favor of defendant to secure a debt. The mortgage described Thomas as "a single man" and plaintiff's name does not appear anywhere in the recorded document. Under the mortgage's terms, payment was due in March 1993. Plaintiff and Thomas paid off the land contract, and in

---

[1] The trial court granted plaintiff summary disposition under MCR 2.116(C)(10), a decision we review de novo. See *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

1994 the property was deeded to plaintiff. Thomas died in 2015, leaving plaintiff as the sole remaining owner of the property.

In November 2017, plaintiff brought suit to quiet title and to extinguish defendant's mortgage. Defendant filed a counterclaim, requesting that the trial court declare the mortgage valid and enter a monetary judgment against plaintiff for the unpaid balance of the mortgage plus interest. Plaintiff moved the trial court for summary disposition under MCR 2.116(C)(7), (8) and (10). She argued that she and Thomas co-owned the property as tenants by the entirety and that the mortgage was invalid because she did not join her husband in signing it. In response, defendant contended that the mortgage was valid because plaintiff subsequently ratified it. The trial court agreed with plaintiff and granted her summary disposition and quiet title. The court also determined that defendant's counterclaim was barred by the statute of limitations.

## II. ANALYSIS

In Michigan, a conveyance of real property to a husband and wife is presumed to create a tenancy by the entirety. *DeYoung v Mesler*, 373 Mich 499, 504; 130 NW2d 38 (1964). "A tenancy by the entirety is a type of concurrent ownership in real property that is unique to married persons." *Tkachik v Mandeville*, 487 Mich 38, 46; 790 NW2d 260 (2010). Each spouse is considered to be an owner of the whole property, and neither spouse has an individual interest in the property separate from the other spouse. *Canjar v Cole*, 283 Mich App 723, 730; 770 NW2d 449 (2009). When a married couple holds real property as tenants by the entirety, neither spouse acting by themselves can alienate or encumber their interest in the property. *Id*. A husband or wife must receive the consent of their spouse before conveying or encumbering an interest in the property. *Id*. A tenancy by the entirety is also created when a married couple acquires real property via a land contract.[2] *Dow v State*, 396 Mich 192, 198 n 10; 240 NW2d 450 (1976).

---

[2] We also note that a "transfer of ownership of property" occurs when there is "[a] conveyance by land contract." MCL 211.27a(6)(b). Plaintiff obtained equitable title to the property in 1979, *Graves v American Acceptance Mtg Corp*, 469 Mich 608, 614; 677 NW2d 829 (2004), and thereafter conveyed that title to herself and her husband.

> Conveyances in which the grantor or 1 or more of the grantors are named among the grantees therein shall have the same force and effect as they would have if the conveyance were made by a grantor or grantors who are not named among the grantees. Conveyances expressing intent to create a joint tenancy or tenancy by the entireties in the grantor or grantors together with the grantee or grantees shall be effective to create the type of ownership indicated by the terms of the conveyance. [MCL 565.49.]

The quitclaim deed executed by plaintiff does not specify what type of ownership was created. But "in the absence of an expression of a contrary intention," it is presumed that the grantor intended to create a tenancy by the entirety. *Butler v Butler*, 122 Mich App 361, 366; 332 NW2d 488 (1983).

Defendant does not dispute that plaintiff and Thomas owned the property as tenants by the entirety when the mortgage was executed in 1992. Thus, Thomas could not separately mortgage his interest in the property at that time. And in the absence of plaintiff's signature, the mortgage was void. See *Forge v Smith*, 458 Mich 198, 206; 580 NW2d 876 (1998) ("All owners of jointly held property must sign a contract conveying an interest in the property; the absence of a signature by a co-owner renders the contract void."). Accordingly, the trial court correctly concluded that the mortgage was invalid and unenforceable.

Nonetheless, defendant contends that the mortgage is not void because plaintiff subsequently ratified the agreement. However, contracts that are void *ab initio* may not be ratified. *Utica State Sav Bank v Village of Oak Park*, 279 Mich 568, 579; 273 NW 271 (1937). Because plaintiff and Thomas owned the property as tenants by the entirety, the mortgage was void without plaintiff's signature. Plaintiff could not ratify the mortgage when it was unenforceable from its execution. Therefore, plaintiff's knowledge and understanding of the mortgage is immaterial, and the trial court did not err in granting summary disposition before defendant conducted discovery on those matters.[3] See *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006).

We also agree with the trial court that defendant's counterclaim is barred by the statute of limitations. MCL 600.5807(5) provides that "[t]he period of limitations is 10 years for an action founded on a covenant in a deed or mortgage of real estate." MCL 600.5803 provides that no person may foreclose on a mortgage unless the action is commenced within 15 years of either the due date of the mortgage or the last payment made on the mortgage. The due date of the mortgage was March 1, 1993, over 24 years prior to the commencement of this case. Even if the mortgage was valid, defendant cannot foreclose on the mortgage or recover damages from plaintiff because each of the applicable limitation periods has passed.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[3] We note that defendant relies on a "subordination agreement" that was recorded in 1994. In that document, defendant agrees to subordinate his mortgage to a mortgage purportedly executed by plaintiff. However, plaintiff was not a party to agreement and we thus fail to see how this is evidence that she ratified defendant's prior mortgage. In any event, as discussed, plaintiff could not ratify the mortgage, which was void *ab initio*.