BEATON v LaFORD

1. JOINT TENANCY—TENANTS IN COMMON—TENANTS BY THE ENTIRE-
TIES—UNMARRIED COUPLE.

A couple that is not married cannot take an estate as tenants by
the entireties; should they attempt to do so, the court will
declare them to be either joint tenants or tenants in common.

2. JOINT TENANCY—UNMARRIED COUPLE—TENANTS BY THE ENTIRETIES
—TENANTS IN COMMON—INTENT OF PARTIES.

A trial court's determination that a man and woman who were
not married to each other and who attempted to take an estate
as tenants by the entireties were joint tenants rather than
tenants in common should not be disturbed by the Court of
Appeals where the unities of time, title, interest and possession
were all present, and because the fact that the parties took title
as tenants by the entireties expresses an apparent intent that
their ownership should assume the form of joint tenants.

3. JOINT TENANCY—PARTITION—REQUEST FOR PARTITION—COURTS—
STATUTES.

A joint tenant may have his land partitioned; a court is obligated
to comply with a party's partition request unless some superior
equity exists that warrants refusal; if the lands cannot be
physically divided without prejudicing the parties, then the
court must sell the property and divide the proceeds (MCLA
600.3304, 600.3332; MSA 27A.3304, 27A.3332).

4. JOINT TENANCY—TENANTS BY THE ENTIRETIES—PARTITION—INTENT
OF PARTIES—RIGHT OF SURVIVORSHIP.

The fact that a man and a woman who were not married to each
other took a piece of real property as tenants by the entireties
does not evidence an intent on their part not to allow partition

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Cotenancy and Joint Ownership § 3 et seq.
41 Am Jur 2d, Husband and Wife § 55 et seq.
[3] 59 Am Jur 2d, Partition § 30 et seq.
[4, 5] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 11, 13.
[6, 7] 25 Am Jur 2d, Dower and Curtesy § 83.
[8] 59 Am Jur 2d, Partition §§ 109, 165.

of the property; such an intent has been found only in cases where a joint tenancy is created and the parties expressly declare that there is to be a right of survivorship.

5. JOINT TENANCY—RIGHT OF SURVIVORSHIP—PARTITION—REMAINDER IN FEE SIMPLE—EXPRESS CREATION OF RIGHT OF SURVIVORSHIP.

The rule that the express creation of a right of survivorship in a piece of property creates life estates in the tenants with a remainder in fee simple to the survivor and that a party cannot sell or partition his interest under these circumstances should be limited to cases involving joint tenancies where a right of survivorship has been expressly created.

6. DOWER—JOINT TENANCY—PARTITION—STATUTES.

The wife of a man who purchased real property jointly with another woman has a right to claim a dower interest in the property; however, her dower interest will not affect partition of the property because a court has a statutory right to partition property in which a dower interest exists, even if the wife has not released her interest (MCLA 600.3340; MSA 27A.3340).

7. DOWER—HUSBAND'S PROPERTY—JOINT TENANCY—PARTITION.

A wife's dower interest in property which is held by her husband and another party attaches only to her husband's share; therefore, on partition the dower interest will not reduce any amount which is due to the other party.

8. COURTS—EQUITY—FRAUD—PARTITION OF REAL PROPERTY.

A trial court may take into consideration, in adjusting the relative equities of two parties vis-à-vis their interests in certain real property which a plaintiff is trying to have partitioned, the evidence of fraud on a defendant's part which has been presented to the trial court; as a court of equity, effecting justice and equality among the parties, the court should not permit a party to profit from his wrongful conduct.

Appeal from Chippewa, Nicholas J. Lambros, J. Submitted October 4, 1977, at Marquette. (Docket No. 77-585.) Decided October 25, 1977.

Complaint by Pauline Beaton against Charles LaFord seeking an order for partition of certain real property and other relief. Order for partition denied. Plaintiff appeals. Reversed and remanded.

*Fenlon, Askwith & Askwith,* for plaintiff.

Before: Quinn, P. J., and Bashara and D. E. Holbrook, Jr., JJ.

Per Curiam. Plaintiff appeals from a trial court order denying a request for partition of certain real property.

At trial, plaintiff adduced evidence to show that she was persuaded to leave her employment and live with defendant by his false statements concerning his marital status and promise to marry plaintiff. Defendant allegedly stated that he was divorced from his previous wife. Plaintiff discovered this statement to be false, whereupon she ceased cohabiting with him. However, in the interim, the litigants acquired certain real property, taking title as tenants by the entireties. That property is the subject of this litigation.

Where a couple is not married, they cannot take an estate as tenants by the entireties. See *Scott v Grow,* 301 Mich 226, 234; 3 NW2d 254 (1942). Should they attempt to take property as tenants by the entireties, the court will declare them to be either joint tenants or tenants in common. In the instant case the trial court declared the parties to be joint tenants and we cannot disagree. The historic unities of time, title, interest, and possession were present. Further, that the parties took title as tenants by the entireties expresses an apparent intent that their ownership should assume the form of joint tenants, albeit they are not legally entitled to the special incidents of the entireties form of ownership.

MCLA 600.3304; MSA 27A.3304 provides that a joint tenant may have his land partitioned. The Supreme Court, in *Henkel v Henkel,* 282 Mich 473; 276 NW 522 (1937), ruled that when a party

requests partition the court is obligated to comply unless some superior equity exists that warrants refusal. If the lands cannot be physically divided without prejudicing the parties, then the court must sell the property and divide the proceeds. MCLA 600.3332; MSA 27A. 3332, *Henkel, supra.*

In the instant case, we can find no equities that would warrant a denial of partition. The fact that the parties took the property as tenants by the entireties does not evidence an intent on their part not to allow partition. Such an intent has only been found in cases where a joint tenancy is created, and the parties expressly declare that there is to be a right of survivorship. See *Ballard v Wilson,* 364 Mich 479; 110 NW2d 751 (1961), *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939). In such cases, the express creation of a right of survivorship has been said to create life estates in the tenants with a remainder in fee simple to the survivor. *Ballard, supra.* Under these circumstances, the Court has ruled that a party cannot sell or partition his interest.

This Court believes that the rule enunciated in *Ames* and *Ballard* should be limited to cases involving joint tenancies where a right of survivorship has been expressly created. To rule otherwise would make the plaintiff's interest in the property practically inalienable. This Court favors the alienability of property.

Since defendant was married at the time he and plaintiff bought the land, his wife has the right to claim a dower interest in the property. However, her interest will not affect partition since MCLA 600.3340; MSA 27A.3340 gives a court the right to partition property in which a dower interest exists, even if the wife has not released her interest. Since the wife's interest attaches only to her hus-

band's share, on partition it will not reduce any amount which is due to plaintiff.

We also note that evidence of fraud has been presented to the trial court. In adjusting the relative equities of the litigants vis-à-vis their interests in the property, the trial court may take this factor into consideration. As a court of equity, effecting justice and equality among the parties, the court should not permit a party to profit from wrongful conduct.

Because this Court can find no reason to deny partition, it must reverse the trial court. This case is remanded for proceedings consistent with this opinion.

Reversed and remanded. Costs to plaintiff.