BUTLER v BUTLER

Docket No. 57913. Submitted October 7, 1982, at Detroit.—Decided
    January 10, 1983.
    In 1977, Thomas F. Butler and Lucy Butler conveyed title to two
        parcels of land owned by them to themselves and their three
        sons by deeds with the following language: "Thomas F. Butler,
        and Lucy Butler, his wife, and Thomas M. Butler, Timothy J.
        Butler, and Michael Anthony Butler, all single men, not as
        tenants in common, but as joint tenants with rights of survivor-
        ship". Thereafter Lucy Butler and Thomas F. Butler were
        divorced in Macomb Circuit Court. The judgment of divorce did
        not make a distribution of the subject properties, it being held
        that the two subject parcels were not subject to distribution as
        part of the divorce judgment because the property was held as
        joint tenants with rights of survivorship with the litigants'
        three sons. Thereafter the two older sons reconveyed whatever
        interests they had acquired back to their parents "as tenants in
        common, and not as joint tenants". A conservator for the
        younger son was authorized to reconvey the minor son's inter-
        est back to his parents in a deed utilizing the identical lan-
        guage. Lucy Butler filed a complaint for partition in Macomb
        Circuit Court, seeking equitable division of the parcels in
        question. Raymond R. Cashen, J., denied the motion on the
        ground that, even after the reconveyance by the sons, the
        litigants held title to the parcels as joint tenants with rights of
        survivorship, and, therefore, the parcels were not subject to
        partition. Plaintiff appeals. *Held:*
        The language of the original conveyances evidences an intent
        by the litigants herein that their interest in the parcels was to
        be held as tenants by the entirety. Accordingly, while it was
        proper to refuse to distribute the property as part of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 20.
    What acts by one or more of joint tenants will sever or terminate
        the tenancy. 64 ALR2d 918.
[2-4] 41 Am Jur 2d, Husband and Wife §§ 63, 266.
[5] 20 Am Jur 2d, Cotenancy and Joint Ownership § 20.
    41 Am Jur 2d, Husband and Wife §§ 106, 107.

divorce judgment when the parcels were still held jointly with the sons, upon reconveyance by the sons, the parcels were subject to partition, since the litigants held the parcels as tenants in common with right of survivorship.

Reversed and remanded.

1. JOINT TENANTS — RIGHT OF SURVIVORSHIP — PARTITION.

A deed providing that those to whom the land is conveyed shall hold as joint tenants with rights of survivorship creates a joint life estate in all of the grantees followed by a contingent remainder in fee to the survivor; this right of survivorship cannot be defeated by the voluntary act of one of the life tenants, thus one cotenant is not entitled to partition over the objection of another cotenant.

2. TENANTS BY THE ENTIRETY — HUSBAND AND WIFE — COMMON LAW.

A conveyance of real property to a husband and wife and a third person, at common law, created in the husband and wife, in the absence of any qualifying language, a single interest held as tenants by the entirety while the third person took his share as a tenant in common.

3. TENANTS BY THE ENTIRETY — HUSBAND AND WIFE — COMMON LAW.

An estate to a husband and wife, at common law, will ordinarily be held to create a tenancy by the entirety absent an explicit expression in the deed of an intention to create a different estate.

4. HUSBAND AND WIFE — TENANTS BY THE ENTIRETY — JOINT TEN-ANTS.

The creation of a joint tenancy in a conveyance to a husband and wife must be by words sufficiently clear to negative the common-law presumption that an estate by the entirety was intended.

5. HUSBAND AND WIFE — JOINT TENANTS — TENANTS BY THE EN-TIRETY — DIVORCE — DIVISION OF PROPERTY.

A deed by A and B, who are husband and wife and hold real estate by the entirety, conveying the real estate to "A, and B, his wife, and C, D, and E, all single men, not as tenants in common, but as joint tenants with rights of survivorship" indicates that A and B are to take as tenants by the entirety; if, after the divorce of A and B, C, D, and E reconvey their interests to "A, a single man, and B, his former wife, as tenants in common, and not as joint tenants", the property is thereafter subject to partition in an action between A and B (MCL 552.102; MSA 25.132).

*Grant, Boigan, Schon & Wise, P.C.,* for plaintiff.

*Stanley J. Szot,* for defendant.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

N. J. KAUFMAN, J. On May 4, 1981, the Macomb County Circuit Court rendered a written opinion denying plaintiff's action for partition. Plaintiff appeals from this order as of right.

During their marriage plaintiff, Lucy Butler, and defendant, Thomas F. Butler, acquired two parcels of land: a marital home in St. Clair Shores, Macomb County, and a small parcel of unimproved realty in St. Clair County.

On July 22, 1977, plaintiff and defendant conveyed both parcels to themselves and their three sons with the following language: "Thomas F. Butler, and Lucy Butler, his wife, and Thomas M. Butler, Timothy John Butler, and Michael Anthony Butler, all single men, not as tenants in common, but as joint tenants with rights of survivorship". Both deeds were subsequently recorded on August 2, 1977, in the Macomb County Register of Deeds office. On March 17, 1980, a judgment of divorce was entered dissolving plaintiff's and defendant's marriage. The trial court's opinion in the divorce action stated that the parties' conveyances to themselves and their three sons, as joint tenants with rights of survivorship, precluded the court from distributing the real estate between the parties.

Following the divorce, the two adult sons reconveyed whatever interests they had acquired back to their parents, "Thomas F. Butler, a single man, and Lucy Butler, his former wife, as tenants in common, and not as joint tenants". A conservator

was authorized to reconvey the minor son's interest back to his parents in a deed utilizing the identical language.

On June 19, 1980, plaintiff filed a partition action in Macomb County Circuit Court requesting that the two parcels be partitioned in accordance with the parties' interests. In an opinion dated April 16, 1982, the trial court denied plaintiff's request for partition on the grounds that the deeds of reconveyance created in the grantees a joint tenancy with rights of survivorship which could not be partitioned.

An established line of Michigan cases has held that the addition of the words "with a right of survivorship" to a deed or other instrument creating a joint tenancy creates not a mere joint tenancy, but an interest known as a "joint tenancy with rights of survivorship". The Michigan Supreme Court has held that when the express words of survivorship are used in a conveyance, the parties create a joint life estate in all of the grantees followed by a contingent remainder in fee to the survivor. *Jones v Snyder,* 218 Mich 446, 449; 188 NW 505 (1922); *Beaton v LaFord,* 79 Mich App 373, 376; 261 NW2d 327 (1977). This right of survivorship cannot be defeated by the voluntary act of only one of the life tenants. For this reason one cotenant in a joint tenancy with rights of survivorship is not entitled to have partition over the objection of another cotenant.

If the July 22, 1977, deeds conveyed to the plaintiff and defendant a joint tenancy with rights of survivorship, the plaintiff's request for partition must be denied. Plaintiff, however, argues that, while the deeds created a joint tenancy with rights of survivorship in the three sons, the interest created in the plaintiff and defendant was a ten-

ancy by the entirety. Under MCL 552.102; MSA 25.132, upon divorce, every husband and wife holding real estate as tenants by the entireties become tenants in common and are entitled to bring an action for partition. Thus, if the interests created in the parties by the July 22, 1977, deeds are construed as a tenancy by the entirety, the land is subject to partition.

The relevant language of the deeds is as follows: "Thomas F. Butler, and Lucy Butler, his wife, and Thomas M. Butler, Timothy John Butler, and Michael Anthony Butler, all single men, not as tenants in common, but as joint tenants with rights of survivorship".

At common law, estates creating a plurality of tenancies were known as joint estates. Where a conveyance of real property was made to a husband and wife and a third person, the husband and wife were regarded as one person and they therefore took but one moiety as tenants by the entirety while the third person took his share as a tenant in common. This principle was explained by Tiffany in his work on real property:

"This tenancy [tenancy by the entirety] may be created even when the husband and wife are not the only grantees in the conveyance or beneficiaries of the devise, as when it is to a man and wife and another person, in which case the husband and wife would, prima facie, take a one-half interest only, which they would hold by entireties, while the third person would take the other half; and a like rule, that the husband and wife together take but one share, would apply, whatever the number of cotenants." 2 Tiffany, Law of Real Property (3d ed), § 431, p 222.

Thus, in the present case, in the absence of any qualifying language, the parties to this lawsuit would have received a one-quarter interest in the

property as tenants by the entirety as between themselves, and the three sons each would have received a one-quarter interest as tenants in common.

Under the common law an estate to husband and wife will ordinarily be held to create a tenancy by the entirety absent an intention to create a different estate. The existence of a tenancy by the entirety, therefore, becomes a question of intention, modified by the presumption that in the absence of an expression of a contrary intention the grantor will be held to have intended to create a tenancy by the entirety. 2 Tiffany, Law of Real Property (3d ed), § 431, p 221; 161 ALR 457.

In *Hoyt v Winstanley*, 221 Mich 515; 191 NW 213 (1922), the Michigan Supreme Court, noting that the common law remains the law of Michigan, stated: "In this State, where the common law is unchanged by statute, a conveyance to husband and wife conveys an estate in entirety, but may create one in joint tenancy or in common, if explicitly so stated in the deed". *Hoyt, supra,* p 518. The Court further stated that, to create an estate other than a tenancy by the entirety in a conveyance to a husband and wife, "the words must be sufficiently clear to negative the common law presumption that an estate by the entirety was intended". *Hoyt, supra,* p 519. It is necessary, therefore, to analyze whether or not the qualifying terms "not as joint tenants in common, but as joint tenants with rights of survivorship" were sufficiently clear to negate the common-law presumption that an estate by the entirety was created in the parties by the July 22, 1977, deeds.

In *Hoyt, supra,* a conveyance was made to "Jasper Winstanley and Elizabeth J. Winstanley, his wife as joint tenants". The Court held that the

words "as joint tenants" were of themselves insufficient to indicate that an estate in joint tenancy was intended to be conveyed. The Court reasoned as follows:

"The explanatory words, 'as joint tenants,' would of themselves be sufficient to indicate that an estate in joint tenancy was intended to be conveyed were it not for the fact that an estate by the entirety is a species of joint tenancy and is commonly included in that class. We have held that a grant to a husband and wife jointly conveyed an estate in entirety. The same word 'jointly' used in a conveyance to grantees not husband and wife conveys an estate in joint tenancy. So, too, the words 'joint tenants,' when coupled with 'husband and wife,' do not bear the ordinary meaning, for an estate by the entirety is a joint tenancy. It is an estate in joint tenancy plus the unity of the marital relation. At common law and in our statutes, estates by the entirety are regarded as modified form of joint tenancy.

\* \* \*

"In view of the fact that estates by entirety are a modified form of joint tenancy, that the terms are sometimes used interchangeably, and that our statute treats them as a species of joint tenancy, it is my judgment that the words 'as joint tenants,' coupled with husband and wife in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed." *Hoyt, supra,* pp 518-519.

In *Heatter v Lucas,* 367 Pa 296; 80 A2d 749 (1951), a deed conveyed land to "Francis Lucas, a single man, and Joseph Lucas and Matilda Lucas his wife". Francis was the son of Joseph and Matilda. The Pennsylvania Supreme Court, holding that the deed created in Joseph and Matilda a tenancy by the entirety, reasoned as follows:

"In the instant case the two grantees *are* in fact

husband and wife and the designation 'his wife' suffi-
ciently imports an intention that they shall take as
such. Further the conjunction 'and', first used, is unnec-
essary if the parties were intended to take undivided
one-third parts; the use of the word 'and' separated the
grantees into two units (1) Francis and (2) Joseph and
Matilda. The same construction was referred to in
*Johnson v Hart* [6 Watt & Serg 319 (Pa, 1843)]. Finally,
the designation of Francis Lucas as 'a single man'
fortified the conclusion that the deed had specific refer-
ence to the marital status of Joseph and Matilda Lucas;
that they only took a one-half interest as tenants by the
entireties." *Heatter, supra,* p 302. (Emphasis in origi-
nal.)

In the present case, the plaintiff and defendant
were husband and wife when the deeds were cre-
ated. As in *Heatter, supra,* the deeds used the
designation 'his wife' in referring to plaintiff. Such
designation indicates an intent to take as tenants
by the entireties. Furthermore, the use of the
conjunction 'and' after the reference to plaintiff
and defendant, but prior to the reference to the
sons, was unnecessary unless the grantors in-
tended to convey a different estate to the husband
and wife than to the sons. Finally, the reference to
the sons as single men also supports a conclusion
that the qualifying terms only referred to the sons.

The trial court's order denying partition stated:

"This matter having come on to be heard on plaintiff
Lucy Butler's complaint for partition, and the court
being duly advised in the premises, the court finds the
following:

"a) That on July 22, 1977, the plaintiff and the
defendant conveyed two parcels of realty to themselves
and to their three sons, not as tenants in common, but
as joint tenants with rights of survivorship.

"b) That the language of the deed is clear and unambiguous and evidences an intent on the part of the grantors to create a joint tenancy with full rights of survivorship and not simply a joint tenancy or a tenancy by the entireties.

"c) That the parties have placed their real estate beyond the adjudication of this court.

"It is therefore ordered that the plaintiff, Lucy Butler's action for partition be, and the same is hereby denied."

We cannot agree with the trial court's conclusion and therefore reverse. The original deeds to the properties clearly show that the property originally was held by entireties. We agree with the trial judge that if the children were involved in the suit the court would be estopped from granting partition. But here the dispute is between former husband and wife. The deeds of the children who reconveyed to their father and former wife, the children's mother, were for the purpose of conveying whatever interests they had acquired back to their parents. This intention is evidenced in the stipulated facts, and should be enforced by the Court. We also agree that the trial judge was correct that he could not do anything with the property at the time of the divorce due to the fact that the children were still named on the property with rights of survivorship. *Ballard v Wilson,* 364 Mich 479; 110 NW2d 751 (1961). The reconveyances solved this problem. Tenants in common are entitled to partition. The Legislature enacted MCL 552.102; MSA 25.132 with the express intention of permitting divorced couples to divide their property. The trial court's ruling results in a situation contrary to the legislative intent.

Reversed and remanded.