# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 18, 2008

135137

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

DIMITRIOS ZAVRADINOS,
        Plaintiff-Appellant,

v

JTRB, INC., JTR II, L.L.C., RTI, INC.,
LITTLE DADDY'S OF BLOOMFIELD
HILLS, MICHIGAN, L.L.C., RICHARD
ROGOW, ATHANASIOS PERISTERIS,
and DARREN MCCARTY,
        Defendants,
and

ROBERT PROBERT,
        Defendant-Appellee,
and

LIZA DANIELLE PROBERT,
        Intervening Party-Appellee.
_____/

SC: 135137
COA: 268570
Oakland CC: 2004-062158-CK

On May 7, 2008, the Court heard oral argument on the application for leave to appeal the August 23, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., concurs and states as follows:

I concur with the order denying leave to appeal in this case. The Court of Appeals correctly concluded that plaintiff failed to overcome the presumption that the Proberts hold the securities accounts at issue as tenants by the entirety.

Plaintiff Dimitrios Zavradinos obtained a judgment of $170,000 against defendant Robert Probert. He sought to garnish two of Robert's securities accounts to satisfy the judgment. Robert's wife, Liza Probert, intervened. Liza sought to defeat the

garnishment. She argued that she and Robert hold the accounts as tenants by the entirety. Thus, plaintiff cannot garnish the accounts because his judgment is solely against Robert.

Plaintiff offered into evidence internal documents titled Application Detail Reports. These reports categorize the accounts at issue as "JRS." Following the Proberts' names on the reports is the designation "JTWROS." Both abbreviations stand for the phrase "joint tenants with right of survivorship."

Michigan has adopted a statutory presumption that certain types of personal property owned by spouses are held in tenancies by the entirety.[1] Such property is exempt from execution under a judgment entered against only one of the spouses.[2] The question presented in this case is whether the statutory presumption applies to the property in question.

In *DeYoung v Mesler*, judgment creditors of the defendant-husband sought to reach a debenture issued to the defendant and his wife.[3] This Court rejected the creditors' claim.[4] It construed MCL 557.151 to mean that spouses hold a debenture by the entirety unless an intent to do otherwise is affirmatively expressed.[5] In reaching that holding, the Court relied on *Hoyt v Winstanley*.[6]

In *Hoyt*, this Court held that use of the phrase "as joint tenants" coupled with the phrase "husband and wife" in a conveyance does not create a joint tenancy rather than an entireties estate.[7] This is because an estate by the entirety is a form of joint tenancy and the terms are sometimes used interchangeably.[8]

The *Hoyt* Court's reference to spousal language[9] does not imply that, when spousal language is absent, use of the phrase "as joint tenants" suffices to create an estate

---

[1] MCL 557.151; *DeYoung v Mesler*, 373 Mich 499 (1964).

[2] MCL 600.6023a.

[3] *DeYoung*, *supra* at 500-501. The debenture read "promises to pay to W. Clark Mesler and Marion Mesler, his wife." *Id*. at 504.

[4] *Id*. at 504-505.

[5] *Id*. at 504.

[6] *Hoyt v Winstanley,* 221 Mich 515 (1922).

[7] *Id.* at 519.

[8] *Id*.

[9] The spousal language in *Hoyt* is "*coupled with husband and wife* in a conveyance to husband and wife." *Id*. at 519 (emphasis added).

in joint tenancy.  To the contrary, the Court referenced spousal language simply because the conveyance at issue there used spousal language.[10]  Its analysis centered on the phrase "joint tenants," not on the spousal language.

Additionally, Michigan caselaw long predating *Hoyt* holds that it is not necessary for a conveyance to use spousal language for courts to presume the existence of a tenancy by the entirety.  In 1890, in the case of *Dowling v Salliotte*, the plaintiff argued that a deed that failed to identify the grantees as husband and wife created a tenancy in common, not a joint tenancy.[11]  The plaintiff relied on How Stat § 5560,[12] which created a presumption in favor of tenancies in common.  This Court rejected the plaintiff's argument, citing How Stat § 5561.[13]  Section 5561 created an exception to the presumption of a tenancy in common when the devise or grant was made to a husband and wife.[14]

The *Dowling* Court reasoned that the exception did not apply to "all grants or devises of land made to persons who are *described* in the conveyance as husband and wife."[15]  Rather, the Legislature intended that the exception apply when the estate holders were in fact married.[16]  "To say that the existence or non-existence of this *fact* must depend upon the recitals in a conveyance would be to substitute form for substance."[17]

The *Dowling* Court's reasoning applies equally here.  The statutory presumption in favor of tenancies by the entirety applies when the conveyance is "made payable to persons who *are* husband and wife . . . ."[18]  It does not apply to conveyances *describing* the grantees as husband and wife.  Thus, as stated by this Court nearly 118 years ago, if "the estate of *both* was created at the same time in one instrument, and they were at the time *in fact* husband and wife, their interest in the land was an entirety . . . ."[19]  It is the

---

[10]  The conveyance at issue in *Hoyt* read to "Jasper Winstanley and Elizabeth J. Winstanley, *his wife*, as joint tenants."  *Id*. at 516 (emphasis added).

[11] *Dowling v Salliotte*, 83 Mich 131, 132 (1890).

[12] This is a predecessor to MCL 554.44.

[13] This is a predecessor to MCL 554.45.

[14] How Stat § 5561.

[15] *Dowling*, *supra* at 133 (emphasis in original).

[16] *Id*.

[17] *Id*. (emphasis in original).

[18] MCL 557.151 (emphasis added).

[19] *Auditor General v Fisher*, 84 Mich 128, 132 (1890) (emphasis in original).

fact of marriage, not the recitation of marriage, that matters when applying the presumption that an entireties estate exists.[20]

_____

[20] Justice Corrigan brushes aside *Auditor General* because it does not address MCL 557.151. The fact that the statutory presumption was not at issue in *Auditor General* is not significant. What is important is that this Court has long rejected the argument that failure to use spousal language in a conveyance controls how the spouses hold the property. See also *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 547 (1935) ("A deed to two parties, who are husband and wife, is sufficient to create a tenancy by the entirety, whether the conveyance itself sets forth they are husband and wife or not"). Justice Corrigan similarly brushes aside the statement in *Jackson City Bank* as dictum. But she cannot successfully claim that it is unsupported by earlier caselaw. Moreover, it is a statement on which people have relied in drafting conveyances. It would cause great discombobulation in the field of property law were this Court suddenly to alter this longstanding drafting guide. Additionally, I note that How Stat §§ 5560 and 5561, on which this Court relied in *Dowling,* expressly apply to conveyances of land. The current versions of those statutes also expressly apply to conveyances of land. However, MCL 557.151 makes the types of personal property it lists, when held by spouses, subject to the same treatment as real property held by spouses. As the above-cited caselaw makes clear, the ownership of real estate as tenants by the entirety is not conditioned on the inclusion of spousal language in the conveyance.

In reaching a contrary conclusion, Justice Corrigan relies on this Court's opinion in *Murphy v Michigan Trust Co*, 221 Mich 243 (1922). In *Murphy*, this Court addressed whether a bank account was held by a couple as joint tenants or tenants by the entirety. The deposit book designated the account as "payable to James E. Murphy and Gertrude Murphy, either or the survivor." *Id*. at 244. This Court concluded that the bank account was held in joint tenancy. *Id*. at 246. Justice Corrigan notes that in *Murphy*, this Court found a joint tenancy even though there was no language in the conveyance negating a tenancy by the entirety. She examines the conveyance language in *Hoyt*, *Murphy*, and *DeYoung* and attempts to reconcile them. Her conclusion is that the words "as joint tenants" is insufficient to rebut the presumption in favor of tenancies by the entirety *only* if the conveyance contains spousal language. I reject this conclusion in light of caselaw that expressly provides the contrary. I further note that the result reached in *Murphy* is not at odds with the *Hoyt* analysis. In deciding *Murphy*, this Court considered 1915 CL 8040, a predecessor to MCL 487.703. The statute applied to bank accounts and states that where deposits are made "to either or the survivor of them," such deposits are held in joint tenancy. The Court reasoned that the words "payable to either" did not comport with the idea of a tenancy by the entirety. *Id*. at 245-246. Thus, *Murphy* is distinguishable because it concerned a statute and conveyance language that were not at issue in *Hoyt*.

Finally, even if Justice Corrigan's spousal language theory were correct, the Application Detail Reports indicate that Robert is married and that Liza is his spouse.

The *DeYoung* Court hypothesized that the only way to overcome the presumption in favor of tenancies by the entirety is to "use the words 'not as tenants by the entirety' when such is the intent of the conveyance."[21] This is certainly a clear way to overcome the presumption.

Justice Markman suggests that the presumption was overcome in this case by the indication in the Application Detail Reports that the Proberts hold the accounts as joint tenants with the right of survivorship. He implies that the use of the express "right of survivorship" language is what distinguishes this case from *Hoyt* and *DeYoung*. He relies on the fact that Michigan recognizes both standard joint tenancies and joint tenancies with the full rights of survivorship.[22] He notes that the latter is a joint life estate with dual contingent remainders and is created by the use of express words of survivorship in the granting instrument.[23]

The granting instruments at issue in *Hoyt* and *DeYoung* did not reference the right of survivorship. But more importantly, standard joint tenancies and joint tenancies with the full rights of survivorship both entail the right of survivorship. The primary distinction between the two is that the latter may not be converted to a tenancy in common.[24] Tenants by the entirety enjoy the same right of survivorship as joint tenants.[25] A tenancy by the entirety is simply a joint tenancy "plus the unity of the marital relation."[26] Standard joint tenancies, joint tenancies with full rights of survivorship, and tenancies by the entirety are all forms of joint tenancy.[27] Thus, for the same reason that the designation "as joint tenants" was insufficient to create a standard joint tenancy in *Hoyt*, the designation "JTWROS" is insufficient to create a joint tenancy here.[28]

---

Given the nature of the documents, additional spousal language would have been redundant.

[21] *DeYoung*, *supra* at 503-504.

[22] *Albro v Allen*, 434 Mich 271, 274 (1990).

[23] *Id*. at 275.

[24] *Id*.

[25] *United States v Craft*, 535 US 274, 281 (2002).

[26] *Hoyt*, *supra* at 518.

[27] *Hoyt*, *supra* at 518 (concerning standard joint tenancies and estates by the entirety); *Albro*, *supra* at 274 (concerning standard joint tenancies and joint tenancies with full rights of survivorship).

[28] Contrary to Justice Markman's assertion, the Court of Appeals did not convert one type of estate into a different one. Rather, the Court of Appeals relied on existing caselaw to conclude that the presumption of an estate by the entirety was not overcome.

In support of his position, Justice Markman describes an account application form containing a place where the Proberts could have expressed their desire to hold their investment as tenants by the entirety. That form pertains solely to an account of the Proberts that has no funds. Thus, it is not at issue. Janet Kemp, a Salomon Smith Barney employee testified that she, not the Proberts, filled out the form on the basis of an oral interview with them. Kemp did not testify that the Proberts directed her to designate the investment as owned by joint tenants with rights of survivorship instead of as tenants by the entirety. Nor was there any testimony from the Proberts in this regard. Thus, there is nothing to show that the Proberts specifically chose to hold as joint tenants instead of as tenants by the entirety. Kemp also testified that the Proberts did not sign the application.[29]

> Under the circumstances, I agree with the COA that
>
> for plaintiff to prevail, we would have to conclude that a form that may or may not have been signed by the account holders that selects a joint tenancy rather than a tenancy by the entirety for a different account at the same financial institution meets the statutory standard of expressly providing for a form of ownership other than as tenants by the entirety. We cannot make that leap of logic. The possible expression of an intent for one account simply does not expressly provide an intent for a different account.[30]

Entireties ownership of property is a modified form of joint tenancy. In reliance on *Hoyt* and *DeYoung*, the designations "JTWROS" and "JRS" are insufficient to overcome the statutory presumption in favor of a tenancy by the entirety. The Court of Appeals properly applied longstanding Michigan caselaw in reaching its decision. A

---

The Court of Appeals did nothing to alter how the Proberts hold their property. Nor, as Justice Markman suggests, did the Court of Appeals eliminate the distinction between a standard joint tenancy and a joint tenancy with full rights of survivorship. Both types of estates can be created by the use of appropriate language. To properly create either one, however, the statutory presumption of an estate by the entirety must be overcome. To overcome it, very explicit language must be used. The judgment of the Court of Appeals is consistent with that rule of law. It is not "absurd," as Justice Markman contends, to apply this longstanding rule of law. Rather, it would be absurd to abandon it.

[29] There was some suggestion that the application might have been part of a larger packet of documents signed by the Proberts.

[30] *Zavradinos v JTRB, Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 23, 2007 (Docket No. 268570), at 2.

reversal of the Court of Appeals judgment would upset significant reliance interests. Accordingly, I concur in the denial of leave to appeal.

CAVANAGH, J., dissents and states as follows:

I would reverse the Court of Appeals and reinstate the trial court's holding because the defendants' actions evidenced the requisite intent to rebut the presumption in favor of tenancies by the entirety. Hence, defendants' accounts were not protected by MCL 600.6023a.

CORRIGAN, J., dissents and states as follows:

I dissent from the order denying leave to appeal. I would reverse the judgment of the Court of Appeals, reinstate the trial court's ruling that the Proberts held the brokerage accounts as joint tenants with rights of survivorship, and remand the case to the Court of Appeals for consideration of what portion of the accounts are subject to garnishment. I interpret *DeYoung v Mesler*, 373 Mich 499 (1964), to mean that the words "as joint tenants" do not rebut the presumption in favor of a tenancy by the entirety *when the conveyance includes language indicating that the title holders are married* (spousal language). Here, the accounts state that the Proberts hold the accounts as "JTWROS" (joint tenants with rights of survivorship). Because the accounts do not include spousal language indicating that the Proberts hold the accounts "as husband and wife," they hold the accounts as joint tenants with rights of survivorship. The Court of Appeals incorrectly interpreted dicta from *DeYoung* to require the conclusion that the Proberts held the accounts as tenants by the entirety because the accounts did not specifically state "not as tenants by the entirety."

## I. Facts and Procedural Posture

In the underlying case, plaintiff was awarded a judgment of $170,000 against defendant Robert Probert. Plaintiff later learned that Robert and his wife, Liza Probert, had two brokerage accounts at Salomon Smith Barney holding $160,000 in assets. Plaintiff sought to garnish these accounts. The Proberts moved to set aside the garnishment, claiming that the accounts were not subject to garnishment against Robert alone, because the Proberts held the accounts together as tenants by the entirety. Plaintiff responded that the accounts were subject to garnishment because the statutory presumption that married couples hold title as tenants by the entirety was rebutted by evidence that the Proberts established the accounts as joint tenants with rights of survivorship.

The trial court held an evidentiary hearing to determine whether the evidence was sufficient to rebut the statutory presumption that the Proberts held the accounts as tenants by the entirety. At the hearing, the Proberts' financial consultant at Salomon Smith

Barney testified that the Proberts had set up the accounts as joint tenants with rights of survivorship. She testified that if they had wished to set up the accounts as tenants by the entirety, they could have done so. The application detail reports for the accounts state that the accounts are held by the Proberts as "JTWROS." Liza testified that she was a homemaker and earned no income. She had not personally contributed any money to the accounts. Rather, Robert, who had an annual salary of $1.5 million, had contributed all the money in the accounts.

The trial court denied the Proberts' motion to set aside the garnishment. The court held that the application detail reports and the testimony of the Salomon Smith Barney financial consultant established that the Proberts held the accounts as joint tenants with rights of survivorship. The court held that this evidence was sufficient to overcome the statutory presumption of tenancy by the entirety. Because the Proberts held the accounts as joint tenants with rights of survivorship, Robert's interest was severable and subject to garnishment. The court then held that because Liza had not contributed any money to the accounts, Robert owned all of the money, so all of the funds in the accounts were available to satisfy plaintiff's garnishment against Robert.

The Court of Appeals reversed in a split opinion. The majority held that under *DeYoung, supra* at 503-504, even listing the husband and wife as "joint tenants" is insufficient to create an ordinary joint tenancy rather than a tenancy by the entirety. "*DeYoung* makes it clear that a conveyance to a husband and wife as joint tenants is insufficient to defeat the presumption in favor of a tenancy by the entirety because a tenancy by the entirety is a form of joint tenancy." *Zavradinos v JTRB*, *Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 23, 2007 (Docket No. 268570), p 3. The majority held that because the Proberts' accounts listed them as joint tenants but did not say "not as tenants by the entirety," the accounts must be treated as being held as tenants by the entirety.

Judge Fitzgerald dissented. He opined that under *In re VanConett Estate*, 262 Mich App 660 (2004), overcoming the statutory presumption of tenancy by the entirety does not require the accounts to clearly state "not as tenants by the entirety." He opined:

> In light of th[e] evidence, the trial court's findings that the Proberts opened the accounts as joint tenants with rights of survivorship and that the Proberts intended to create an estate other than an estate by the entireties is not clearly erroneous. Plaintiff rebutted the presumption of a tenancy by the entirety by evidence demonstrating the Proberts' express intent to establish the investment accounts as joint tenants with rights of survivorship. [*Zavradinos, supra* at 2 (Fitzgerald, J., dissenting).]

Judge Fitzgerald concluded that because the Proberts held the accounts as joint tenants, Robert's interest was severable and subject to garnishment. Judge Fitzgerald then stated

that the trial court did not clearly err in finding that all of the funds in the accounts belonged to Robert and were subject to garnishment because Liza had not contributed any money to the accounts.

Plaintiff appealed. This Court ordered the parties to file supplemental briefs addressing the following issues:

> (1) whether *DeYoung v Mesler,* 373 Mich 499 (1964), correctly construed MCL 557.151 to mean that there is a statutory presumption that property held jointly by a husband and wife is held by them as tenants by the entirety unless the title or conveyance expressly provides otherwise, (2) if so, how the presumption of a tenancy by the entirety may be overcome, and (3) whether a provision in the title or conveyance specifically identifying the property owners as husband and wife affects the determination whether the presumption of a tenancy by the entirety has been overcome. [480 Mich 1080 (2008).]

## II. Standard of Review

This case involves the interpretation of MCL 557.151. "Questions of statutory interpretation are reviewed de novo." *Ayar v Foodland Distributors*, 472 Mich 713, 715 (2005). "Clear and unambiguous statutory language is given its plain meaning, and is enforced as written." *Id.* at 716.

## III. Legal Background

MCL 600.6023a provides: "Property described in . . . MCL 557.151, or real property, held jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse." The parties do not dispute that the Proberts' accounts fall within the categories of property listed in MCL 557.151. The parties also do not dispute that if the Proberts hold the accounts as tenants by the entirety, the accounts are not subject to garnishment pursuant to MCL 600.6023a. Thus, the question is whether the Proberts held property described in MCL 557.151 as tenants by the entirety.

MCL 557.151 provides:

> All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are

incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either.

It appears well-established under this Court's caselaw that under MCL 557.151, there is a statutory presumption that property listed in the statute that is held jointly by a husband and wife is held by them as tenants by the entirety unless that presumption is rebutted by an express provision indicating otherwise. *DeYoung, supra* at 503-504. Three cases from this Court have discussed the language required to create a joint tenancy rather than a tenancy by the entirety.

In *Murphy v Michigan Trust Co*, 221 Mich 243, 244 (1922), the plaintiffs, a married couple, deposited money in the defendant bank in a joint account under their names. Plaintiffs had their savings designated in their deposit book as "payable to James E. Murphy and Gertrude Murphy, either or the survivor." *Id.* James was a partner in the bank, so when the bank failed, he was not entitled to recover money from an account that belonged to him personally until the bank creditors had been paid, unless the money in the account also belonged to Gertrude. *Id.* at 245. This Court rejected the plaintiffs' argument that they held the accounts as tenancy by the entirety:

> It is true that such incident of unity of person is the only addition to a joint tenancy necessary to create a tenancy by entireties. But even where the unity of person exists a joint tenancy may be created. Under the terms of the deposits were plaintiffs each seized of an undivided moiety of the whole or by entireties? The words "payable to either" do not square with the idea of a tenancy by entireties but do pointedly relate to a joint tenancy. If plaintiffs held the deposits as tenants by entireties the same could not be paid to either during the lifetime of both, but if they held as joint tenants the deposits were "payable to either." [*Id.* at 245-246.]

This Court concluded that under the predecessor to MCL 487.703,[31] the plaintiffs held the deposits as joint tenants, so James's half portion was severable for the purpose of meeting the creditors' demands. *Id*. at 246.

---

[31] 1915 CL 8040 provided:

> When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the

In *Hoyt v Winstanley*, 221 Mich 515, 516 (1922), this Court considered real estate conveyed to "Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants." One of the issues was whether the Winstanleys took the realty as a tenancy by the entirety or as joint tenants. *Id.* at 517. This Court explained that "[a]t common law a conveyance to husband and wife gave to them a tenancy by entirety." *Id.* A husband and wife, however, can hold an estate as joint tenants or tenants in common "if sufficiently described as such in the deed." *Id.* This Court described the nature of joint tenancies and tenancies by the entirety as follows:

> The explanatory words, "as joint tenants," would of themselves be sufficient to indicate that an estate in joint tenancy was intended to be conveyed were it not for the fact that an estate by the entirety is a species of joint tenancy and is commonly included in that class. We have held that a grant to a husband and wife jointly conveyed an estate in entirety. The same word "jointly" used in a conveyance to grantees not husband and wife conveys an estate in joint tenancy. So, too, the words "joint tenants," when coupled with "husband and wife," do not bear the ordinary meaning, for an estate by the entirety is a joint tenancy. It is an estate in joint tenancy plus the unity of the marital relation. At common law and in our statutes, estates by the entirety are regarded as a modified form of joint tenancy. [*Id.* at 518.]

This Court then held that the words "as joint tenants," coupled with husband and wife, was insufficient to rebut the presumption that a tenancy by the entirety was intended:

> In view of the fact that estates by entirety are a modified form of joint tenancy, that the terms are sometimes used interchangeably, and that our statute treats them as a species of joint tenancy, it is my judgment that the words "as joint tenants," coupled with husband and wife in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed. To create an estate in joint tenancy in a conveyance to a husband and wife, the words used must be sufficiently clear to negative the common-law presumption that an estate by entirety was intended. [*Id.* at 519.]

Thus, this Court concluded that the deed to "Jasper Winstanley and his wife as joint tenants" conveyed a tenancy by the entirety. *Id.* at 520.

---

persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them.

In *DeYoung*, the plaintiffs, judgment creditors of the defendant husband, sought to reach a debenture issued to the defendants, a married couple, in both of their names. The debenture stated that the debtor "promises to pay to W. Clark Mesler and Marion Mesler, his wife." *DeYoung*, *supra* at 504. The issue was whether under MCL 557.151, the debenture created a joint tenancy or a tenancy by the entirety. This Court first stated that it recognized that, "irrespective of presumptions to the contrary, real property in this State *can* be held by husband and wife as joint tenants when a clear intent to create a joint tenancy occurs." *Id.* at 502-503. This Court quoted the language in *Hoyt* explaining that a tenancy by the entirety is a form of joint tenancy, and that "'the words "as joint tenants," coupled with husband and wife in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed.'" *Id.* at 503, quoting *Hoyt, supra* at 519. The *DeYoung* Court then stated that *Hoyt*

> appears to require that in order not to create a tenancy by the entirety in realty conveyed to husband and wife, even the use of the words "as joint tenants" is insufficient. The only alternative seems to be to use the words "not as tenants by the entirety" when such is the intent of the conveyance. [*DeYoung, supra* at 503-504.]

This Court, applying *Hoyt*'s test to MCL 557.151, held that an estate by the entirety is created "unless an intent to do otherwise is affirmatively expressed." *Id.* at 504. The *DeYoung* Court then adopted the following holding from the Court of Appeals for the Sixth Circuit:

> "In Michigan, the common-law rule that a conveyance to husband and wife creates a tenancy by the entirety has persisted except in respect to conveyances explicitly indicating that some other kind of tenancy is intended. Even the qualifying phrase 'as joint tenants,' while sufficient to create a joint tenancy in a conveyance to grantees generally, does not avoid the creation of an estate by the entirety when the grantees stand in the marital relation to each other." [*Id.* at 504, quoting *Internal Revenue Comm'r v Hart*, 76 F2d 864, 865 (CA 6, 1935).]

This Court then stated that it was constrained to hold that the language of MCL 557.151 indicates a legislative intent that the defendants held the debenture as tenants by the entirety. *DeYoung, supra* at 504-505. Therefore, the plaintiffs could not reach the defendant husband's nonseverable interest in the debenture. *Id.* at 504-505. Justice Souris dissented. He opined that MCL 557.151 created a presumption in favor of a joint tenancy, not a tenancy by the entirety.

More recently, the Court of Appeals considered a conveyance of real property to a husband and wife in *In re VanConett Estate*. In *VanConett, supra* at 662, Herbert VanConett sought to dispose of real property following the death of his wife, Ila

VanConett, under a mutual will made pursuant to a contract to make a will. The deed conveyed the property to "HERBERT L. VANCONETT, ILA R. VANCONETT and FLORENCE H. VANCONETT as joint tenants with full rights of survivorship and not as tenants in common." *Id.* at 667. The Court of Appeals held that the plaintiff estate had standing to bring an action to recover the real property because the VanConetts held the property as joint tenants with rights of survivorship rather than tenants by the entirety, so the property passed within Ira's will. *Id.* at 666-667. The Court of Appeals held that the VanConetts held the property as joint tenants with rights of survivorship because the deed contained explicit language overcoming the presumption of a tenancy by the entirety:

> In a tenancy by the entireties, a husband and wife hold joint title to real property with right of survivorship. *Lilly v Schmock*, 297 Mich 513, 517; 298 NW 116 (1941). A deed or devise of real property to a husband and wife presumptively creates a tenancy by the entireties, MCL 554.44, 554.45, but this presumption may be overcome by explicit language in the deed. *De Young v Mesler,* 373 Mich 499, 503-504; 130 NW2d 38 (1964). When the VanConetts took title to the property, the deed conveyed the land to "HERBERT L. VANCONETT, ILA R. VANCONETT and FLORENCE H. VANCONETT as joint tenants with full rights of survivorship and not as tenants in common." Because explicit language was used, a tenancy by the entireties was not created between Herbert and Ila, and all three held the property as joint tenants with full rights of survivorship. [*VanConett, supra* at 667.]

## IV. Analysis

Plaintiff argues that the Court of Appeals erred by interpreting *DeYoung* to mean that when property is conveyed to a married couple, using the words "as joint tenants" will create a tenancy by the entirety unless the conveyance also includes express language saying "not as tenants by the entirety." Although I think that the Court of Appeals interpretation of *DeYoung* is reasonable, I agree with plaintiff that this is not the best interpretation of *DeYoung*.

In both *Hoyt, supra* at 517, and *DeYoung, supra* at 504, this Court held that a conveyance to a husband and wife creates a tenancy by the entirety unless an intent to do otherwise is clearly expressed. The United States Court of Appeals for the Sixth Circuit explained that Michigan's common-law rule, which is unchanged by statute, is as follows: "'While a conveyance or devise to a husband and wife ordinarily creates a tenancy by entireties, an intention clearly expresses that they shall take as tenants in common, or as joint tenants, is effective.'" *Guldager v United States*, 204 F2d 487, 488 (CA 6, 1953), quoting Tiffany, Real Property (1940), § 290.

In *DeYoung*, this Court quoted the holding in *Hoyt* that "'the words "as joint tenants," *coupled with husband and wife* in a conveyance to husband and wife, are not sufficient to indicate that an estate in joint tenancy was intended to be conveyed.'" *DeYoung, supra* at 503, quoting *Hoyt, supra* at 519 (emphasis added). The *DeYoung* Court interpreted *Hoyt* to mean that "in order not to create a tenancy by the entirety in realty conveyed *to husband and wife*, even the use of the words 'as joint tenants' is insufficient." *DeYoung, supra* at 503 (emphasis added). In both *Hoyt* and *DeYoung*, the conveyances included spousal language indicating that the property was conveyed to the married couple together as husband and wife. The *Hoyt* and *DeYoung* courts appear to have conditioned their statements, that the words "as joint tenants" are insufficient to rebut the presumption in favor of a tenancy by the entirety, on the use of such spousal language. *Murphy* supports this conclusion. In *Murphy*, the married couple's bank deposit book did *not* include spousal language, and, although the deposit book did not specifically state "not as tenants by the entirety," this Court nonetheless held that the conveyance created a joint tenancy rather than a tenancy by the entirety.[32]

In light of these opinions, *DeYoung* is best interpreted to mean that the words "as joint tenants" is insufficient to rebut the presumption in favor of a tenancy by the entirety *if the conveyance contains spousal language* such as "husband and wife" or "his wife." In other words, when property is held by a husband and wife "as joint tenants with rights of survivorship," if spousal language indicating that the title holders are married is included in the conveyance or designation of title, the use of the seemingly contrary phrase "as joint tenants with rights of survivorship" is not in and of itself sufficient to defeat the presumption that the conveyance or designation of title intended a tenancy by the entirety. If the conveyance uses spousal language, then, according to *DeYoung*, the only way to way to rebut the presumption in favor of a tenancy would be to include the words "not as tenants by the entirety." When the conveyance uses the words "as joint tenants with rights of survivorship" and does not contain spousal language, however, the words "not as tenants by the entirety" are *not* necessary to create a joint tenancy with rights of survivorship. This interpretation is supported by the Court of Appeals' observation that the use of spousal language indicates an intent to convey as tenants by the entirety. See *Butler v Butler*, 122 Mich App 361, 368 (1983) ("[T]he plaintiff and defendant were husband and wife when the deeds were created. . . . [T]he deeds used the

---

[32] *Murphy* involved the predecessor of MCL 487.703, which specifically applied to certain types of bank deposits involving more than one person (including married couples) and provided that such deposits "shall become the property of such persons as joint tenants . . . ." 1915 CL 8040. Similarly, MCL 557.151 provides that the listed types of personalty "shall be held by such husband and wife in joint tenancy . . . ." Therefore, *Murphy*'s holding, although distinguishable because it applies to a different statute, is helpful in resolving whether property held by a married couple under MCL 557.151 is held in joint tenancy or tenancy by the entirety.

designation 'his wife' in referring to plaintiff. Such designation indicates an intent to take as tenants by the entireties.").[33]

---

[33] Defendants point out that in *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 547 (1935), this Court stated, "A deed to two parties, who are husband and wife, is sufficient to create a tenancy by the entireties, whether the conveyance itself sets forth they are husband and wife or not." This statement, however, could be interpreted to mean merely that spousal language is not always *required* to create a tenancy by the entirety. It does not necessarily mean that spousal language is irrelevant in determining whether a joint tenancy or a tenancy by the entirety has been created. "[E]ven where the unity of person exists a joint tenancy may be created." *Murphy, supra* at 245. Further, this statement from *Jackson City Bank* is dictum. In *Jackson City Bank, supra* at 547, the deed conveyed the property to the couple "as husband and wife" and "as tenants by the entireties," with "rights of survivorship." The problem was that the couple was not legally married. *Id.* at 542. This Court held that the intent of the deed was to create a joint tenancy with a right of survivorship. *Id.* at 547-548. The Court held that because the parties were not legally married, it was irrelevant that the deed provided that a tenancy by the entirety was created. *Id.* Because the deed in *Jackson City Bank* contained spousal language and this Court held that the deed conveyed a joint tenancy, this Court's statement that a tenancy by the entirety may be created without spousal language is nonbinding dictum.

Justice Kelly erroneously cites *Dowling v Salliotte*, 83 Mich 131 (1890), for the proposition that the use of spousal language is irrelevant in determining whether the presumption in favor of a tenancy by the entirety has been rebutted. In *Dowling, supra* at 133, this Court held that under Howell's Stat 5560 and 5561, a deed conveyed property to a married couple as joint tenants rather than as tenants in common, despite the absence of spousal language in the deed. The Court's holding does not support Justice Kelly's argument for three reasons. First, *Dowling* did not even involve a tenancy by the entirety because the *Dowling* Court observed that "estates in entirety were abolished in this State by the statute of 1846 . . . ." *Id.* at 135. Second, the *Dowling* holding is based entirely on the language of Howell's Stat 5560 and 5561. Howell's Stat 5560 provided: "All grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." Howell's Stat 5561 provided: "The preceding section shall not apply to . . . devises or grants made . . . to husband and wife." The *Dowling* Court held that the husband and wife took as joint tenants because the "statute does not provide that in all grants and devises of land made to persons who are *described* in the conveyance as husband and wife they shall take as joint tenants." *Dowling, supra* at 133 (emphasis in original). This correct holding is based on the unambiguous language of Howell's Stat 5560 and 5561, which are inapplicable to this case. Third, *Dowling* is distinguishable because it did not discuss the language necessary to rebut the statutory presumption in favor of a tenancy in common. The deed in *Dowling* did not

This conclusion is also consistent with the Court of Appeals holding in *VanConett*. In *VanConett, supra* at 667, the conveyance used the words "as joint tenants with full rights of survivorship" and did not use spousal language. The Court of Appeals held that the language "as joint tenants" was sufficiently explicit to rebut the presumption in favor of a tenancy by the entirety. This holding is consistent with my conclusion that the words "as joint tenants with rights of survivorship" can rebut the presumption in favor of a tenancy by the entirety when the conveyance does not include spousal language. For the reasons stated in Justice Markman's dissenting statement, I agree that the Court of Appeals' bases for distinguishing *VanConett* are misplaced.[34]

Further, the Court of Appeals interpretation of *DeYoung* seems inconsistent with principles of "plain language" and "right to contract." The inclusion of the words "as joint tenants with rights of survivorship," without spousal language, should mean that the couple takes the property as joint tenants with rights of survivorship. The Court of Appeals holding that married couples who state on their form of ownership that they hold the property "as joint tenants with rights of survivorship" do not hold the property as joint tenants with rights of survivorship, but instead hold the property as tenants by the entirety, seems contrary to the plain language of the document and the parties' right to

contain language expressly stating that the couple took the property as tenants in common rather than as joint tenants, whereas the detail application reports in this case specifically state that the Proberts took the accounts as joint tenants with rights of survivorship rather than as tenants by the entirety.

The other case Justice Kelly cites, *Auditor General v Fisher*, 84 Mich 128 (1890), also does not support her position. In that case, this Court held that the husband and wife held real property as tenants by the entirety even though the land contract did not expressly state that they were married. *Id.* at 132. *Auditor General* has nothing to do with the statute in the present case. Further, it did not discuss what language is sufficient to rebut a presumption in favor of a tenancy by the entirety. *Auditor General* merely explained that a married couple who do not specify how they hold property hold the property as tenants by the entirety, despite the lack of spousal language. This holding is entirely consistent with my position in this case.

[34] Justice Kelly fails to reconcile the Court of Appeals decision in this case with *VanConett*. Under *VanConett*, the words "as joint tenants with full rights of survivorship" were sufficient to rebut the presumption that a tenancy by the entirety was created. *VanConett, supra* at 667. If the majority thinks that *VanConett* was incorrectly decided, it should grant leave to appeal so that it can overrule that decision. Until that time, the *VanConett* decision remains binding on the Court of Appeals. MCR 7.215(J)(1).

contract as they see fit.[35]  Most married couples will not know that if they want a joint tenancy with rights of survivorship, they must expressly state on the form that they do not hold the property as tenants by the entirety.  This is especially true because married couples such as the Proberts frequently complete preprinted forms designating the form of ownership.  It is unrealistic to expect married couples who want to create a joint tenancy with rights of survivorship to write by hand "not as tenants by the entirety" on a preprinted form that already uses the words "as joint tenants with rights of survivorship."

Additionally, I agree with plaintiff that *DeYoung*'s statement that the words "as joint tenants" are insufficient to rebut the statutory presumption in favor of a tenancy by the entirety is dictum.  The conveyance in *DeYoung*, unlike the conveyance in the instant case, did not include "as joint tenants with rights of survivorship" language.  Rather, the conveyance in *DeYoung* merely stated, "to W. Clark Mesler and Marion Mesler, his wife."  Therefore, it was unnecessary for the *DeYoung* Court to address whether the words "as joint tenants" are sufficient to rebut the presumption in favor of a tenancy by the entirety.  For similar reasons, it was also unnecessary for the *DeYoung* Court to state that the only way to rebut the presumption is to state, "not as tenants by the entirety."  "[S]tatements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication."  *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597-598 (1985).  In order to resolve the *DeYoung* case, it was necessary for this Court to hold that under MCL 557.151 a conveyance that uses spousal language and does not specify the type of estate it intends to convey is presumed to convey a tenancy by the entirety.  The *DeYoung* Court's other statements going beyond this essential holding were dicta.

## V.  Application

In this case, the application detail reports did not use spousal language referring to the Proberts "as husband and wife."  Rather, the reports merely stated.  "Robert Alan Probert and Liza Danielle Probert JTWROS."  Although the "profile information" later in the reports states that Robert is married, this is not the type of spousal language involved in *DeYoung* that indicates an intent to create a tenancy by the entirety.  Therefore, I do not think that the *DeYoung* dicta apply in this case.  The application detail reports expressly state that the Proberts hold the accounts as joint tenants with rights of survivorship.  This language indicates a clear intention to create a joint tenancy with

---

[35] In *Lober v Dorgan*, 215 Mich 62, 64 (1921), this Court stated:

> The parties themselves have provided for survivorship by agreement. The parties having so contracted, is there any valid reason why we should refuse to enforce their agreement?  Our statute does not prohibit such a contract.  There is nothing in the agreement which is immoral or against the public good.

rights of survivorship. See *DeYoung, supra* at 503 (holding that a married couple can hold property "as joint tenants when a clear intent to create a joint tenancy occurs"). Although the language "JTWROS" might not be sufficient under *DeYoung*'s dicta to rebut the presumption in favor of a tenancy by the entirety *when the conveyance uses spousal language*, I think that this clear language intending to create a joint tenancy with rights of survivorship *is* sufficient to rebut the presumption in cases like this when the conveyance does not use spousal language. See *VanConett, supra* at 667.

## VI. Conclusion

Because the application detail reports do not use spousal language and state that the Proberts held the accounts as "JTWROS," I would hold that the Proberts held the accounts as joint tenants with rights of survivorship. I would reverse the Court of Appeals on this issue and remand the case to the Court of Appeals for plenary consideration of whether the trial court clearly erred in finding that plaintiff rebutted the presumption that the Proberts owned equal parts of the accounts.

MARKMAN, J., dissents and states as follows:

I would reverse the judgment of the Court of Appeals and reinstate the trial court's ruling that the brokerage accounts in this case were held as joint tenancies with rights of survivorship and, therefore, were not subject to the terms of MCL 600.6023a.

Plaintiff, Dimitrios Zavradinos, was awarded a judgment of $170,000 against defendant, Robert Probert. Zavradinos sought to garnish two brokerage accounts that Probert had at Salomon Smith Barney, and Probert's wife, Liza Probert, intervened, claiming that the accounts were not subject to garnishment because they were held as tenancies by the entirety. It is undisputed that Liza has no income and did not contribute money to either account. At the time the accounts were opened, Robert was a professional hockey player earning $1.5 million annually.

When the Proberts first applied for an account at Salomon Smith Barney, the application form contained different check boxes for different types of accounts, and the Proberts selected "JRS" and left "ENT" blank.[36] Three subsequent accounts, two of which are the accounts at issue in this case, were also designated "JRS" on the application detail reports. In addition, under the "name" column, the account owners were listed as "Robert Alan Probert and Liza Danielle Probert JTWROS." Farther down

---

[36] This account had been closed, so it was not subject to garnishment. It is unclear from the record whether this form was part of the larger application signed by the Proberts. The form was used as an exhibit to show how the Proberts elected to set up the first account, and three subsequent accounts, and demonstrates the different classifications that Salomon Smith Barney used for different types of accounts.

on the forms, Liza was designated as Robert's spouse. Janet Kemp, who partially managed the account, testified that "JRS" and "JTWROS" both mean "joint tenants with rights of survivorship" and that "ENT" means "tenancy by the entirety." Kemp also testified that the Proberts set up the accounts as joint tenants with rights of survivorship, that the accounts had been treated as such, and that the Proberts alternatively could have set up the accounts as tenants by the entirety. The trial court allowed Zavradinos to garnish the accounts, holding that the accounts were held as joint tenancies with rights of survivorship and not as tenancies by the entirety. The trial court also ruled that Robert owned all the money in the accounts and, therefore, that all the funds were available to satisfy Zavradinos's judgment.

The Court of Appeals reversed, holding that the only way to overcome the presumption of a tenancy by the entirety when property is held by a married couple is to use the words "not as tenants by the entirety." Judge Fitzgerald dissented, stating that he would not require such an explicit disclaimer.

MCL 557.151 provides:

All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either.

MCL 600.6023a provides:

Property described in section 1 of 1927 PA 212, MCL 557.151, or real property, held jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse.

The parties do not dispute that the two accounts in question fall within the property described in MCL 557.151, so if the accounts are held as tenancies by the entirety, they are exempt from garnishment for the judgment against Robert.

In *Hoyt v Winstanley*, 221 Mich 515, 516 (1922),[37] land was conveyed to "'Jasper Winstanley and Elizabeth J. Winstanley, his wife, as joint tenants.'" The Court stated:

> In this State, where the common-law rule is unchanged by statute, a conveyance to husband and wife conveys an estate in entirety, but may create one in joint tenancy or in common, if explicitly so stated in the deed. The question then in the case under consideration is the construction to be placed on the language of the deed to "Jasper Winstanley and wife as joint tenants." To "Jasper Winstanley and wife" conveys an estate by the entirety. The explanatory words, "as joint tenants," would of themselves be sufficient to indicate that an estate in joint tenancy was intended to be conveyed were it not for the fact that an estate by the entirety is a species of joint tenancy and is commonly included in that class. We have held that a grant to a husband and wife jointly conveyed an estate in entirety. The same word "jointly" used in a conveyance to grantees not husband and wife conveys an estate in joint tenancy. So, too, the words "joint tenants," when coupled with "husband and wife," do not bear the ordinary meaning, for an estate by the entirety is a joint tenancy. It is an estate in joint tenancy plus the unity of the marital relation. At common law and in our statutes, estates by the entirety are regarded as a modified form of joint tenancy. . . .
>
> * * *
>
> . . . To create an estate in joint tenancy in a conveyance to a husband and wife, the words used must be sufficiently clear to negative the common-law presumption that an estate by entirety was intended. [*Id.* at 518-519.]

In *DeYoung v Mesler*, 373 Mich 499, 503 (1964), the Court noted that, under *Hoyt*, the language "as joint tenants" was not sufficient to defeat the creation of a tenancy by the entirety in realty conveyed to a husband and wife. The Court further stated: "The only alternative seems to be to use the words 'not as tenants by the entirety' when such is the intent of the conveyance." *Id.* at 503-504. The Court applied this reasoning to MCL 557.151 and held that the statute created a presumption that a tenancy by the entirety was created "unless an intent to do otherwise is affirmatively expressed." *Id.* at 504.

The question here is whether the presumption that the accounts were held as tenancies by the entirety was overcome by a sufficiently express provision that created a different type of estate. In *In re VanConett Estate*, 262 Mich App 660, 664 (2004), a married couple, Herbert and Ila VanConett, had executed mutual wills pursuant to a

---

[37] *Hoyt* predates MCL 557.151, which was enacted in 1927. However, later cases that interpret MCL 557.151 refer to *Hoyt*.

contract. The wills provided that "the surviving spouse's will would become irrevocable at the first spouse's death." The Court of Appeals reversed the probate court's finding that the real property at issue was held by the VanConetts as a tenancy by the entirety, stating:

> A deed or devise of real property to a husband and wife presumptively creates a tenancy by the entireties, MCL 554.44, 554.45, but this presumption may be overcome by explicit language in the deed. *DeYoung v Mesler*, 373 Mich 499, 503-504; 130 NW2d 38 (1964). When the VanConetts took title to the property, the deed conveyed the land to "HERBERT L. VANCONETT, ILA R. VANCONETT and FLORENCE H. VANCONETT as joint tenants with full rights of survivorship and not as tenants in common." Because explicit language was used, a tenancy by the entireties was not created between Herbert and Ila, and all three held the property as joint tenants with full rights of survivorship.[1]
>
> _____
>
> [1] We do not mean to infer by our statement, which is specific to the facts of this case, that a joint tenancy cannot be created between a married couple holding property as tenants by the entireties and a joint tenant. MCL 554.44; MCL 554.45; see *Fullagar v Stockdale*, 138 Mich 363; 101 NW 576 (1904).
>
> _____
>
> [*Id*. at 667.]

The Court of Appeals determined that, upon Florence's death, the property passed to Herbert and Ila as "joint tenants with full rights of survivorship," and, upon Ila's death, the property passed to Herbert outside Ila's will. *Id*. at 667-668.

In Michigan, there are two types of joint tenancies. *Albro v Allen*, 434 Mich 271, 274 (1990). In the standard joint tenancy, each tenant has an undivided share and possession of the whole, and upon the death of one tenant, the survivor takes the whole estate. *Id*. at 274-275. However, the right of survivorship may be destroyed if either party conveys his or her interest in the estate, thereby converting the estate into a tenancy in common. *Id*. at 275. On the other hand, the joint tenancy with full rights of survivorship, which is created by express words of survivorship, is a joint life estate with indestructible dual contingent remainders. *Id*. at 275-276. In this type of joint tenancy, the right of survivorship cannot be affected by the conveyance of one tenant's interest, i.e., the tenancy cannot be converted into a tenancy in common. *Id*. at 278.

A tenancy by the entirety has been referred to as a "species" or "modified form" of joint tenancy. *Hoyt*, *supra* at 518. A tenancy by the entirety would be considered a modified form of the standard joint tenancy. A tenancy by the entirety is similar to the standard joint tenancy, but has the added element of a marriage. *Budwit v Herr*, 339

Mich 265, 273 (1954). Neither spouse can alienate or encumber the property without the consent of the other. *Long v Earle*, 277 Mich 505, 517 (1936). If the husband and wife are divorced, they become tenants in common of the property, and the survivorship rights are destroyed. *Budwit*, *supra* at 273.

In her concurring statement, Justice Kelly minimizes the difference between a joint tenancy and a joint tenancy with full rights of survivorship, stating: "[S]tandard joint tenancies and joint tenancies with the full rights of survivorship both entail the right of survivorship. The primary distinction between the two is that the latter may not be converted to a tenancy in common." *Ante* at 5. This is a quite significant difference between the two types of estates. The Court of Appeals holding that the accounts were tenancies by the entirety altogether ignored the distinction between a joint tenancy with full rights of survivorship and a standard joint tenancy by converting an estate with indestructible survivorship rights into an estate with destructible survivorship rights. The only way to create a joint tenancy with full rights of survivorship rather than a standard joint tenancy is to include survivorship language, which the parties clearly did in this case. While Justice Kelly correctly asserts that "[t]enants by the entirety enjoy the same right of survivorship as joint tenants," she fails to recognize that tenants by the entirety do not enjoy the same rights of survivorship as joint tenants with full rights of survivorship. *Ante* at 5. The judgment of the Court of Appeals *in this case* essentially eliminated the difference between a standard joint tenancy and a joint tenancy with full rights of survivorship by treating the account as a standard joint tenancy.[38]

The Court of Appeals held that to create a joint tenancy, the parties must use the words "not as tenants by the entirety" as indicated in *DeYoung*. However, the Court in *DeYoung* did not hold that such a formulaic provision was required to rebut the presumption of a tenancy by the entirety. Rather, the Court was speculating concerning what evidence would be sufficient to rebut the presumption. Moreover, the statute itself does not require any particular language to indicate that the tenancy is not by the entirety, but only requires some express provision to rebut the presumption. The express provision in this case, "JTWROS," met this requirement. A joint tenancy with rights of survivorship is distinct from both a standard joint tenancy and its modified form, the

---

[38] Justice Kelly disagrees, asserting that "[b]oth types of estates can be created by the use of appropriate language." *Ante* at 6 n 28. In the wake of the Court of Appeals ruling in this case, the "appropriate language" a married couple must use to create a joint tenancy with full rights of survivorship apparently is "as joint tenants with the right of survivorship and not as tenants by the entirety." I find it absurd to conclude that the Proberts or Salomon Smith Barney should have contemplated as a function of existing caselaw that such language was required to set up a joint tenancy with full rights of survivorship.

tenancy by the entirety.[39]  In addition, there was evidence that the Proberts had the option of setting up the accounts as tenancies by the entirety, but specifically chose to set up joint tenancies with rights of survivorship.  It would be utterly superfluous to require the Proberts to additionally write "and not as a tenancy by the entirety" after the initials "JRS" or "JTWROS" on the forms, or to require Salomon Smith Barney to include such language on its forms, when a tenancy by the entirety is already an option, designated "ENT."[40]

The Court of Appeals distinguished its decision in *VanConett* on the basis that explicit language was used to rebut the presumption and that the property was owned jointly by three people rather than just a husband and wife.  This is not a reasonable distinction, in my judgment.  First, the explicit language that the Court of Appeals referred to in *VanConett* was the phrase "and not as tenants in common."  This language does not rebut the presumption of a tenancy by the entirety under the reasoning of the Court of Appeals in this case that the phrase "not as tenants by the entirety" is required; a tenancy in common is an entirely different type of estate than a tenancy by the entirety. Second, the fact that the property was jointly owned by three people ignores the express recognition in *VanConett* that a joint tenancy could be created between a married couple holding property as tenants by the entirety and a joint tenant.  *VanConett*, *supra* at 667 n 1.

---

[39] The practical differences between the two estates with regard to personal property, such as brokerage accounts, are minimal compared to the differences between the two estates with regard to real property.  In this case, Robert and Liza Probert could deplete the accounts or even close them altogether, leaving the "indestructible contingent remainder" as nothing.  However, the difference is relevant in the instant case to demonstrate the intention to create a specific type of account, because neither a standard joint tenancy nor a joint tenancy with rights of survivorship are subject to the protections that MCL 600.6023a affords a tenancy by the entirety.

[40] Justice Kelly dismisses this evidence because the form containing this designation "pertains solely to an account of the Proberts that has no funds."  *Ante* at 6.  However, that form is relevant to demonstrate Salomon Smith Barney's practice of using the abbreviation "ENT" to designate a tenancy by the entirety on its standard forms.  Kemp's testimony also verifies this practice.  Further, Justice Kelly asserts that "there is nothing to show that the Proberts specifically chose to hold as joint tenants instead of as tenants by the entirety."  *Ante* at 6.  She states that the application form for the first account was filled out on the basis of an oral interview Kemp conducted with the Proberts.  *Ante* at 6. However, this statement, coupled with Kemp's testimony that the Proberts set up the accounts as joint tenants with rights of survivorship and could have set up the accounts as tenants by the entirety, completely refutes Justice Kelly's conclusion that there is no evidence that the Proberts specifically chose to set up the accounts as joint tenants with rights of survivorship.

Here, there was an express provision creating a joint tenancy with rights of survivorship, and also evidence that the Proberts specifically chose not to create a tenancy by the entirety. This was sufficient to overcome the presumption that the Proberts held the accounts as tenants by the entirety. I would reverse the Court of Appeals judgment and reinstate the trial court's ruling that the accounts were held as joint tenancies with rights of survivorship, and therefore, not subject to the protection of MCL 600.6023a.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 18, 2008

_Corbin R. Davis_
Clerk

s0715